E-SERVED
02/13/04
06:49 PM ET
Baycol MDL 1431

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE: BAYCOL PRODUCTS LIABILITY LITIGATION | MDL No. 1431 (MJD) |
| | **PLAINTIFF DOUGLAS SHAW'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND** |
| This Document Relates To:<br><br>Shaw v. Bayer Corporation,<br>Case No. 02-CV-433 | |

## I. INTRODUCTION

Plaintiff seeks an order under 28 U.S.C. §1447(c) remanding this action to the San Francisco County Superior Court, from which it was improperly removed by Defendant Bayer Corporation. Bayer removed this action on the following ground: the value of the right to be protected or the extent of the injury to be prevented exceeds $75,000, and because Plaintiff seeks to "impose a constructive trust on untold millions in excess of $586 million," the amount in controversy requirement for diversity jurisdiction is met here. Notice of Removal ("Notice"), ¶ 5a. However, this action must be remanded on the ground that the Court lacks subject matter jurisdiction. A case may not be removed from the state court in which it was filed if the matter in controversy, as here, does not exceed the sum or value of $75,000 exclusive of interest and costs.

## II. SUMMARY OF FACTS AND PROCEDURE

On September 7, 2001, plaintiff Douglas Shaw filed a complaint asserting a claim for violations of the California Business and Professions Code § 17200, et seq. and a class claim for unjust enrichment (the "Complaint" or "¶") in San Francisco County

E-SERVED
02/13/04
06:49 PM ET
Baycol MDL 1431

Superior Court. Bayer Corporation, a corporation organized and existing under the laws of the State of Pennsylvania, is a wholly owned subsidiary of Bayer A.G., through which Bayer A.G. runs its United States operations. ¶2. Plaintiff is a resident of San Francisco County, California, and he purchased and used Bayer's cholesterol-lowering drug Baycol between April and August 2001. ¶ 1.

Bayer Corporation has facilities in Berkeley and Emeryville, California. ¶ 2. Bayer Corporation was personally served in the state court action on September 7, 2001.

Plaintiff (individually and on behalf of a class of California residents who purchased or ingested the cholesterol-lowering drug Baycol) seeks disgorgement and restitution of monies that Defendant wrongfully received in connection with its alleged unlawful, unfair or fraudulent sales of Baycol. ¶¶ 22-30.

Defendant Bayer Corporation filed its Notice of Removal on October 5, 2001. Bayer asserts diversity jurisdiction under 28 U.S.C. §1332. Notice, ¶ 2.

On October 26, 2001, plaintiff filed a motion to remand to the California Superior Court.

On November 26, 2001, the United States District Court in the Northern District of California entered its order staying all proceedings in Plaintiff's action pending the ruling of the Judicial Panel on Multidistrict Litigation on the petitions to establish a single district for the coordination of pretrial proceedings for cases alleging injuries arising from the ingestion of Baycol, the cholesterol-reducing drug manufactured by defendant Bayer. The MDL Panel then transferred this case to the MDL Court.

Accordingly, Plaintiff seeks a remand of this action to prosecute his California law claims.

E-SERVED 02/13/04 06:49 PM ET Baycol MDL 1431

## III. LEGAL STANDARD

Remand to state court is proper if the district court lacks subject matter jurisdiction over the asserted claims. 28 U.S.C. § 1447(c). In reviewing a motion to remand, the court must resolve all doubts in favor of a remand to state court, and the party opposing remand has the burden of establishing federal jurisdiction by a preponderance of the evidence. In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993) (citing Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987), cert. denied 484 U.S. 1021 (1988)); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Initially, in determining the propriety of remand, the Court must review plaintiff's pleading at the time of the petition for removal. Pullman Co. v. Jenkins, 305 U.S. 534, 537 (1939).

To maintain diversity jurisdiction in a class action, *each* class member must satisfy the minimum jurisdictional requirement. See Zahn v. Int'l Paper Co., 414 U.S. 291 (1973). Plaintiffs' claimed damages cannot be aggregated to reach an amount in controversy that exceeds $75,000, unless the claims seek to enforce a single claim that is undivided and common to the class. Crawford v. F. Hoffman-La Roche, Ltd., 267 F.3d 760, 765-66 (8th Cir. 2001). The ban on aggregation applies with equal force to injunctive relief. Crosby v. Aid Ass'n for Lutherans, 199 F.R.D. 636 (D. Minn. 2001).

Where injunctive relief is sought, the amount in controversy is the value of the object of the litigation from the perspective of the plaintiff, not the defendant. Smith v. American States Preferred Ins. Co., 249 F.3d 812, 813-14 (8th Cir. 2001). Thus, the amount in controversy with respect to injunctive relief in a class action suit is the value to each class member of the right sought to be enforced, rather than the defendant's cost of

E-SERVED 02/13/04 06:49 PM ET Baycol MDL 1431

complying with the injunction as to the whole class. See Trimble v. Asarco, Inc., 232 F.3d 946, 962 (8th Cir. 2003); see also Dakis v. Allstate Ins. Co., No. Civ. 02-3679, 2003 WL 118245, at *2 (D. Minn. Jan. 8, 2003).

For the purpose of determining the amount in controversy for diversity jurisdiction, courts treat representative actions brought under California's Unfair Competition Law, Business & Professions Code § 17200 et seq. ("UCL"), the same as class actions. Boston Reed Co. v. Pitney Bowes, Inc., No. 02-01106 SC, 2002 WL 1379993, at *4 (N.D. Cal. June 20, 2002)[1]; Surber v. Reliance Nat'l Indem. Co., 110 F. Supp. 2d 1227, 1233 (N.D. Cal. 2000); Phipps v. Praxair, Inc., No. 99-CV-1848 TW, 1999 WL 1095331, at *3 (C.D. Cal. Nov. 12, 1999). Thus, in UCL actions, the claims asserted on behalf of the general public are "separate and distinct" claims that may not be aggregated to reach the amount in controversy and each plaintiff's claim must exceed $75,000 for federal court diversity jurisdiction to be invoked..

## IV. ARGUMENT

Bayer fails to meet its burden to demonstrate that the amount in controversy exceeds the jurisdictional minimum.[2] Bayer does not, and cannot, point to any allegation in the complaint that supports a finding that Plaintiff individually seeks to recover at least

---

[1] Cited with approval in Ecker v. Ford Motor Co., No. CV020683, 2002 WL 36654558 (C.D. Cal. Nov. 12, 2002).

[2] Bayer's entire "argument" with respect to the amount in controversy is as follows: "The Complaint seeks equitable relief in the form of a 'constructive trust' that would be imposed on revenues obtained from Baycol sales to 'several thousand Californians,' including but not limited to $586 million in fiscal 2000 sales of Baycol. Similarly, the complaint seeks an order requiring Bayer to disgorge any funds which may have been acquired by means of its allegedly unfair competition. The complaint also demands 'such other and further relief as the nature of the case may require.' 'The amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented.' Here, Powell's effort to impose a constructive trust on untold millions in excess of $586 million will exceed $75,000." Notice, ¶ 5a (citations omitted). Although Bayer's "argument" is not explicitly advanced, the main thrust of Bayer's contentions can be inferred from this paragraph, which Plaintiff will address in this brief.

E-SERVED
02/13/04
06:49 PM ET
Baycol MDL 1431

$75,000 in monetary damages. Notice, ¶ 5a. Instead, Bayer attempts to satisfy the jurisdictional minimum by asserting that its cost of complying with equitable relief *as to the whole class* would exceed the jurisdictional minimum. Bayer argues that the value of the right to be protected or the extent of the injury to be prevented exceeds $75,000 because Plaintiff seeks to "impose a constructive trust on untold millions in excess of $586 million" and to require Bayer to "disgorge any funds which may have been acquired by means of [Bayer's] allegedly unfair competition." Notice, ¶ 5a. Bayer's contention must be rejected because the law does not permit aggregation of claims for relief to satisfy the amount in controversy requirement.

To satisfy the amount in controversy requirement for diversity jurisdiction in a class action, a party may not aggregate claims for relief to reach an amount in controversy that exceeds $75,000. See Zahn, 414 U.S. at 293-94.[3] Instead, a party must demonstrate that *each* class member's claim for relief is greater than the jurisdictional minimum. Id. Here, Bayer merely invokes Plaintiff's request for disgorgement and "such other and further relief as the nature of the case may require," but fails to explain how that request could result in each individual class member recovering over $75,000. Notice, ¶ 5a. Aware of its inability to point to any allegations in the Complaint supporting claims for monetary relief greater than $75,000 for each proposed class member, Bayer focuses instead on Plaintiff's request for equitable relief. Bayer argues that Plaintiff's effort to impose a constructive trust on the revenues obtained from Baycol sales to "several thousand Californians," disgorge any funds that may have been acquired by

---

[3] One exception to this rule applies where the claims seek to enforce a single claim that is undivided and common to the class. Crawford v. F. Hoffman-La Roche, Ltd., 267 F.3d 760, 765-66 (8th Cir. 2001). Under California's UCL, however, claims for relief made on behalf of a class are "a collection of separate and distinct claims" that cannot be aggregated to reach the jurisdictional minimum." Boston Reed, 2002 WL 1379993, at *5. Therefore, the exception does not apply in this case.

E-SERVED 02/13/04 06:49 PM ET Baycol MDL 1431

means of unfair competition, and enjoin Bayer's unfair business practices will cost Bayer far in excess $75,000, and thus satisfies the jurisdictional minimum. Notice, ¶ 5a.

Bayer's assertions regarding the amount in controversy are wrong because the non-aggregation principle applies with equal force to claims for equitable relief. Aid Ass'n for Lutherans, 199 F.R.D. at 639. Where injunctive and other equitable relief is sought, the amount in controversy is the value of the object of the litigation from the perspective of the plaintiff, not the defendant. American States, 249 F.3d at 813-14. Thus, the amount in controversy with respect to equitable relief in a class action suit is the value to each class member of the right sought to be enforced, rather than the defendant's cost of providing relief to the whole class. See Trimble, 232 F.3d at 962; see also Allstate, 2003 WL 118245, at *2 (following "our own precedent requir[ing] the district court to rely solely on the plaintiff's viewpoint in meeting the requisite amount, . . . the Court disregards [defendant's] arguments that it would have to incur more than $75,000 in order to comply with the requested injunctive relief."); Cleveland v. Bennett Pump Co., No. 3-96 CIV 1204 DDA/FL, 1997 WL 365533, at *1 (D. Minn. June 24, 1997). Bayer's valuation of the amount in controversy conflicts with both the rule requiring valuation of relief from the plaintiff's perspective and the rule against aggregation.

The Complaint nowhere alleges that Plaintiff seeks relief greater than the jurisdictional minimum. Rather, Plaintiff requests only "restitution and/or disgorgement and other equitable relief," including imposition of a constructive trust on the proceeds from the sales of Baycol, on behalf of each member of the proposed class. First, it is inconceivable that any class member purchased over $75,000 worth of Baycol. For Bayer to assert that a class member may recover that amount is simply to engage in unwarranted

E-SERVED
02/13/04
06:49 PM ET
Baycol MDL 1431

speculation. Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Elecs., Inc., 120 F.3d 216, 221-22 (11th Cir. 1997) (stating that the monetary value of requested relief that might flow to plaintiff class is "too speculative and immeasurable to satisfy the amount in controversy").

Second, Bayer is simply wrong to suggest that Plaintiff's request for a constructive trust permits the Court to aggregate the amount in the trust in order to meet the jurisdictional minimum. See Crawford, 267 F.3d at 766, fn.3; see also In re Ford Motor Co./Citibank (South Dakota), N.A., 264 F.3d 952, 961 (9th Cir. 2001) ("[W]hat controls is the nature of the right asserted, not whether successful vindication of the right will lead to a single pool of money that will be allocated among the plaintiffs."); Del Vecchio v. Conseco, Inc., 230 F.3d 974, 977-78 (7th Cir. 2000) (holding that the non-aggregation rule applies to constructive trusts) ; Stewart v. Fairbanks Capital Corp., No. CIV.A.03-2367, 2003 WL 21340266, at *3 (E.D. Pa. June 10, 2003) (same). The majority view is that a claim seeking disgorgement of profits to be placed into a constructive trust triggers the non-aggregation rule. Fairbanks, 2003 WL 21340266, at *3. Plaintiff's claims seek to do precisely this. Therefore, the non-aggregation rule bars Bayer from attempting to invoke the potential monetary value of the trust to satisfy the amount in controversy requirement.

Third, the cost of complying with the injunction as to each individual is not likely to exceed $75,000. Only by aggregating the cost of complying with equitable relief as to the whole class can Bayer satisfy the amount in controversy requirement. Bayer implies that the amount in controversy is the value of the injunctive relief sought on behalf of the proposed class, measured by calculating the cost to Bayer of providing the relief

E-SERVED 02/13/04 06:49 PM ET Baycol MDL 1431

requested by the class as a whole rather than by each individual class member. Thus, even if Bayer were able to demonstrate that the cost of complying with an injunction as to the whole class would exceed $75,000 because it cannot easily stop selling and advertising its product one consumer at a time, it cannot escape the well established rule that a claim for relief based on a right asserted by a plaintiff on behalf of himself and a proposed class to enjoin deceptive and misleading advertising and sales of a dangerous product is not subject to aggregation. Kanter v. Warner-Lambert Co., 265 F.3d 853, 859-60 (9th Cir. 2001).

In Kanter, plaintiffs brought a class action alleging several violations of law, including California's UCL, against a manufacturer of pharmaceuticals for selling an ineffective medication and for deceptively advertising that medication. As here, Plaintiffs sought damages consisting of all amounts paid by the class for purchases of the medication and an order enjoining defendants from selling or advertising the medication. Defendants sought to remove the case to federal court. Kanter, 265 F.3d at 858-60. Defendants contended that the value of injunctive relief sought by the plaintiffs should be determined by calculating the cost to the defendants of complying with the injunction. The court disagreed, stating that "the ban on aggregation applies with equal force to the equitable as well as the monetary relief." Id. at 859.

Bayer, like the drug manufacturer in Kanter, contends that its cost of complying with a potential injunction to cease issuing false and misleading information regarding Baycol constitutes the amount in controversy. For the same reason that the court rejected this argument in Kanter, the Court should reject Bayer's contention here. Because the non-aggregation rule applies to both monetary and injunctive relief, the cost of

E-SERVED 02/13/04 06:49 PM ET Baycol MDL 1431

complying with injunctive relief must be based on the value of the right sought to be protected as to each individual class member, not as to the class as a whole. Allstate, 2003 WL 118245, at *2.

Bayer's reliance on St. Paul Reinsurance Co., Ltd. v. Greenberg is unavailing. Notice, ¶ 5a. In that case, a declaratory relief action in which the insurer sought a declaration of its obligations under a policy to an insured homeowner, the issue was whether the amount in controversy for diversity jurisdiction includes claims for statutory damages raised by the defendant in his counterclaim. Greenberg, 134 F.3d 1250, 1252-53 (5th Cir. 1998). In reversing the lower court's order dismissing the action for lack of jurisdiction on the ground that the amount the plaintiff sought in its request for declaratory relief was less than the jurisdictional minimum, the appeals court held that diversity jurisdiction was proper because the potential amount of recovery in the plaintiff's counterclaim was greater than the jurisdictional minimum. Id. at 1254-55. The court did not address any of the issues relevant to the present motion for remand, including the questions of aggregation and of determining the value of injunctive relief.

Bayer argues that because it may be ordered to disgorge all profits from sales of Baycol acquired by means of unfair competition, which amounts to over $586 million as to the whole class, it has clearly met the jurisdictional minimum. However, the court rejected precisely the same argument in Boston Reed, 2002 WL 1379993, at *4. In that representative UCL action, the defendants argued that to determine the amount in controversy for diversity jurisdiction, the court "should look to the cost to the Defendants should they be forced to disgorge *all* profits." Id., at *3 (emphasis added). The court disagreed, holding that "the claims may not be aggregated to reach the amount in

E-SERVED
02/13/04
06:49 PM ET
Baycol MDL 1431

controversy and each plaintiff's claim must exceed the jurisdictional amount" for diversity jurisdiction. Id. at *5.

The burden of demonstrating that removal is justified belongs to the defendant. Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount"). Bayer has not met this burden.

## V. CONCLUSION

For the foregoing reasons, the Court should remand this case to the California Superior Court.

Dated: February 13, 2004

**GREEN & JIGARJIAN LLP**

By: [signature]
Robert A. Jigarjian

Robert S. Green
235 Pine Street, 15th Floor
San Francisco, CA 94104
Telephone: (415) 477-6700
Facsimile: (415) 477-6710