E-SERVED
02/13/04
06:51 PM ET
Baycol MDL 1431

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: BAYCOL PRODUCTS LIABILITY LITIGATION | MDL No. 1431 (MJD) |
| This Document Relates To:<br><br>Shaw v. Bayer Corporation,<br>Case No. 02-CV-433 | **DECLARATION OF ROBERT A. JIGARJIAN IN SUPPORT OF PLAINTIFF DOUGLAS SHAW'S MOTION TO REMAND** |

**DECLARATION OF ROBERT A. JIGARJIAN IN SUPPORT OF PLAINTIFF DOUGLAS SHAW'S MOTION FOR REMAND**

I, Robert A. Jigarjian, declare, under penalty of perjury:

I. I am a partner in the law firm of Green & Jigarjian LLP, one of plaintiff's counsel in the action entitled Shaw v. Bayer Corporation, Case No. C 01-3775 (JCS) (ARB) (the "Shaw Action"). I submit this Declaration in support of Plaintiff Douglas Shaw's motion for remand.

II. Attached hereto as Exhibit A is a true and accurate copy of the notice of removal filed by Defendant Bayer Corporation and the complaint filed in the Shaw Action.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 13, 2004, at San Francisco, California.

Robert A. Jigarjian

E-SERVED
02/13/04
06:51 PM ET
Baycol MDL 1431

# EXHIBIT A

E-SERVED
02/13/04
06:51 PM ET
Baycol MDL 1431

SHIRLI FABBRI WEISS (Bar No. 079225)
GRAY CARY WARE & FREIDENRICH LLP
4365 Executive Drive, Suite 1600
San Diego, CA 92121-2189
Tel: 858-677-6850
Fax: 858-677-1477

DIANA NG (Bar No. 185175)
GRAY CARY WARE & FREIDENRICH LLP
1755 Embarcadero Road
Palo Alto, CA 94303-3340
San Diego, CA 92121-2189
Tel: 650-833-2308
Fax: 650-320-7401

Attorneys for Defendant
BAYER CORPORATION

ORIGINAL
FILED
01 OCT -5 PM 3:47
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS SHAW, on behalf of himself and all others similarly situated, Plaintiffs, v. BAYER CORPORATION, Defendant. | CASE No. C 01 3775 JCS<br>**NOTICE OF REMOVAL** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

Defendant BAYER CORPORATION ("Bayer"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this action, which had been pending as case No. 324304 in the Superior Court of the State of California in and for the County of San Francisco (hereinafter the "Action"), to the United States District Court for the Northern District of California. In support of this Notice, Bayer states as follows:

1. Complaint. Plaintiff Douglas Shaw filed this Action on September 5, 2001. Shaw asserts various claims on behalf of himself, and purports to represent a class of plaintiffs similarly situated, for claims arising from purchase of the drug Baycol.

/////





COPY

E-SERVED 02/13/04 06:51 PM ET Baycol MDL 1431

2. Basis for Jurisdiction in This Court. The basis for jurisdiction in this Court is diversity of citizenship under 28 U.S.C. § 1332(a).

3. Citizenship of Plaintiff. Plaintiff resides in the sate of California (Compl. ¶ 1), and is thus a resident and citizen of the state of California. 28 U.S.C. § 1332(c).

4. Citizenship of Defendants. Bayer is an Indiana corporation and its principal place of business is in Pennsylvania. Bayer is thus a resident and citizen of the states of Indiana and Pennsylvania. 28 U.S.C. § 1332(c).

5. Amount in Controversy. The amount in controversy exceeds $75,000 exclusive of interest and costs, as follows:

a. The complaint seeks equitable relief in the form of a "constructive trust" that would be imposed on revenues obtained from Baycol sales to "several thousand Californians," including but not limited to $586 million in fiscal 2000 sales of Baycol. (Compl. ¶¶ 13, 30.) Similarly, the complaint seeks an order requiring Bayer to disgorge any funds which may have been acquired by means of its allegedly unfair competition. (*Id.* ¶¶ 10, 25, 30, Prayer for Relief.) The complaint also demands "such other and further relief as the nature of the case may require." (*Id.*, Prayer for Relief.) "The amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1252-53 (5th Cir. 1998). Here, Powell's effort to impose a constructive trust on untold millions in excess of $586 million will exceed $75,000.

6. To the extent the complaint purports to limit its request for relief to the recovery of profits from the sale of Baycol, and not request relief for injuries allegedly incurred from the consumption of Baycol, Shaw is engaged in improper claim splitting. Shaw's complaint alleges that Baycol causes severe health problems such as rhabdomyolysis, a condition that results in muscle breakdown and which can cause renal failure and even death. (*See* Compl. ¶ 18.) Plaintiffs may not split their claims for the consumption of Baycol from claims relating to the purchase of Baycol to avoid the amount in controversy requirement. *See State of Washington v. Udall*, 417 F.2d 1310, 1320 (9th Cir. 1969) (finding that district court correctly concluded that

E-SERVED 02/13/04 06:51 PM ET Baycol MDL 1431

plaintiff impermissibly split its claim for damages in attempt to limit amount in controversy to less than $10,000); *Kobaissi v. American Country Ins. Co.*, 80 F. Supp. 2d 488, 490 (E.D. Pa. 2000) ("a plaintiff may not seek to defeat a defendant's statutory right to removal by artful pleading that would artificially minimize the damages at issue for purposes of federal jurisdiction yet permit recovery of higher damages in a state court.").

7. Removal Is Timely. Bayer was served with a summons and the complaint in the Action on September 7, 2001. Accordingly, this Notice of Removal is timely filed within the thirty days allotted for removal by 28 U.S.C. § 1446(b).

8. Pleadings and Process. Under 28 U.S.C. § 1446(a), Bayer is required to attach to this notice "a copy of all process, pleadings, and orders served upon" it. A copy of the complaint and summons is attached hereto as Exhibit 1.

Dated: October 5, 2001

By Diana Ng (GRW)
DIANA NG
SHIRLI FABBRI WEISS
GRAY CARY WARE & FREIDENRICH LLP
Attorneys for Defendant
BAYER CORPORATION

OF COUNSEL:

Phil Beck
Adam Hoeflich
BARTLIT BECK HERMAN PALENCHAR & SCOTT
54 W. Hubbard, Suite 300
Chicago, Illinois 60610
(312) 494-4000

Sara J. Gourley
Susan A. Weber
J. Randal Wexler
SIDLEY AUSTIN BROWN & WOOD
Bank One Plaza
10 S. Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

E-SERVED
02/13/04
06:51 PM ET
Baycol MDL 1431

Gene C. Schaerr
SIDLEY AUSTIN BROWN & WOOD
1501 K Street
Washington, D.C. 20005
(202) 736-8000

Richard K. Dandrea
ECKERT SEAMENS CHERIN & MELLOTT, LLC
600 Grant Street, 44th Floor
Pittsburgh, Pennsylvania 15219
(412) 566-6000

E-SERVED
02/13/04
06:51 PM ET
Baycol MDL 1431

# EXHIBIT 1

E-SERVED 02/13/04 06:51 PM ET Baycol MDL 1431

# SUMMONS
## (CITACION JUDICIAL)

SEP [illegible] 2001

NOTICE TO DEFENDANT: *(Aviso a Acusado)*

BAYER CORPORATION

YOU ARE BEING SUED BY PLAINTIFF:
*(A Ud. le está demandando)*

DOUGLAS SHAW, on behalf of himself and all others similarly situated.

You have 30 CALENDAR DAYS after this summons is served on you to file a typewritten response at this court.

A letter or phone call will not protect you; your typewritten response must be in proper legal form if you want the court to hear your case.

If you do not file your response on time, you may lose the case, and your wages, money and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

*Después de que le entreguen esta citación judicial usted tiene un plazo de 30 DIAS CALENDARIOS para presentar una respuesta escrita a máquina en esta corte.*

*Una carta o una llamada telefónica no le ofrecerá protección; su respuesta escrita a máquina tiene que cumplir con las formalidades legales apropiadas si usted quiere que la corte escuche su caso.*

*Si usted no presenta su respuesta a tiempo, puede perder el caso, y le pueden quitar su salario, su dinero y otras cosas de su propiedad sin aviso adicional por parte de la corte.*

*Existen otros requisitos legales. Puede que usted quiera llamar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de referencia de abogados o a una oficina de ayuda legal (vea el directorio telefónico).*

The name and address of the court is: *(El nombre y dirección de la corte es)*

CASE NUMBER: *(Número del Caso)* 324304

Superior Court of California
County of San Francisco
400 McAllister St., Room 205
San Francisco, CA 94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*

Robert S. Green, Robert A. Jigarjian, GIRARD & GREEN, LLP, 160 Sansome St
Ste. 300, San Francisco, CA 94104 (415) 981-4800

DATE: *(Fecha)* SEP 05 2001 GORDON PARK-LI Clerk, by *(Actuario)* Jun Panelo, Deputy *(Delegado)*

NOTICE TO THE PERSON SERVED: You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [X] on behalf of *(specify)*: Bayer Corporation

under: [X] CCP 416.10 (corporation) [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (individual)
[ ] other:

4. [ ] by personal delivery on *(date)*:

SEAL — SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN FRANCISCO

Form Adopted by Rule 982 Judicial Council of California 982(a)(9) Rev. January 1, 1984

(See reverse for Proof of Service)

SUMMONS

WEST GROUP

Exhibit 1 Pg. 5

RECEIVED TIME SEP. 14 1:33PM PRINT TIME SEP. 14

E-SERVED 02/13/04 06:51 PM ET Baycol MDL 1431

1. I served the
a. [ ] summons [ ] complaint [ ] amended summons [ ] amended complaint
[ ] completed and blank Case Questionnaires [ ] Other (specify):
b. on defendant (name)

c. by serving [ ] defendant [ ] other (name and title or relationship to person served):

d. [ ] by delivery [ ] at home [ ] at business
(1) date:
(2) time:
(3) address:

e. [ ] by mailing
(1) date:
(2) place:

2. Manner of service (check proper box):
a. [ ] Personal service. By personally delivering copies. (CCP 415.10)
b. [ ] Substituted service on corporation, unincorporated association (including partnership), or public entity. leaving, during usual office hours copies in the office of the person served with the person who apparently was charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where t copies were left. (CCP 415.20(a))
c. [ ] Substituted service on natural person, minor, conservatee, or candidate. By leaving copies at the dwelli house, usual place of abode, or usual place of business of the person served in the presence of a competent memb of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who w informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to t person served at the place where the copies were left. (CCP 415.20(b)) (Attach separate declaration or affida stating acts relied on to establish reasonable diligence in first attempting personal service.)
d. [ ] Mail and acknowledgment service. By mailing (by first-class mail or airmail, postage prepaid) copies to the pers served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepa addressed to the sender. (CCP 415.30) (Attach completed acknowledgment of receipt.)
e. [ ] Certified or registered mail serivce. By mailing to an address outside California (by first-class mail postage prepa requiring a return receipt) copies to the person served. (CCP 415.40) (Attach signed return receipt or oth evidence of actual delivery to the person served.)
f. [ ] Other (specify code section):
[ ] additional page is attached.

3. The "Notice to the Person Served" (on the summons) was completed as follows (CCP 412.30, 415.10, and 474):
a. [ ] as an individual defendant as the person sued under the
b. [ ] fictitious name of (specify):
c. [ ] on behalf of (specify):
under: [ ] CCP 416.10 (corporation) [ ] CCP 416.60 (minor) [ ] other:
[ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (individual)
d. [ ] by personal delivery on (date):

4. At the time of service I was at least 18 years of age and not a party to this action.
5. Fee for service: $
6. Person serving:
a. [ ] California sheriff, marshal, or constable.
b. [ ] Registered California process server.
c. [ ] Employee or independent contractor of a registered California process server.
d. [ ] Not a registered California process server.
e. [ ] Exempt from registration under Bus. & Prof. Code 22350(b).

f. Name, address and telephone number and, if applica county of registration and number.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶ ______________________________
SIGNATURE

(For California sheriff, marshal, or constable use or
I certify that the foregoing is true and correct.

Date:

▶ ______________________________
SIGNATURE

982(a)(7) [Rev. January 1, 1984]

WEST GRO
OSCAR PUBL

Exhibit 1 Pg. 6

RECEIVED TIME SEP 14 1:32PM PRINT TIME SEP 1

E-SERVED
02/13/04
06:51 PM ET
Baycol MDL 1431

CT System

**Service of Process Transmittal Form**
Los Angeles, California

09/07/2001

Via Federal Express (2nd Day)

Baycol
CF 2001-00545

TO: Thomas E Kerr
Bayer Corporation
100 Bayer Road
Omega Center
Pittsburgh, PA 15205-9741

SEP 10 2001

RE: PROCESS SERVED IN CALIFORNIA

FOR Bayer Corporation Domestic State: In

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| 1. TITLE OF ACTION: | Douglas Shaw, etc., vs Bayer Corporation |
| 2. DOCUMENT(S) SERVED: | Summons, Class Action Complaint, Civil Case Cover Sheet, Notice to Pltf., Status & Setting Conf. Statement, Attachments |
| 3. COURT: | Superior Court of California, County of San Francisco<br>Case Number 324304 |
| 4. NATURE OF ACTION: | Class action complaint for violation of the California business and professions code 17200. Seeks defts' being enjoined under Sections 17200 and 17203 of the Buisness and Professions Code, from continuing to engage in the business acts and practices that are unlawful, unfair, fraudulent, or deceptive as alleged herein; et al |
| 5. ON WHOM PROCESS WAS SERVED: | CT Corporation System, Los Angeles, California |
| 6. DATE AND HOUR OF SERVICE: | By Process server on 09/07/2001 at 14:50 |
| 7. APPEARANCE OR ANSWER DUE: | Within 30 days |
| 8. ATTORNEY(S): | Robert S. Green, Robert A. Jigarjian<br>415-981-4800<br>Girard & Green LLP<br>160 Sansome Street<br>Suite 300<br>San Francisco, CA 94104 |
| 9. REMARKS: | |

SIGNED CT Corporation System
PER Jere J. Keprios /MV
ADDRESS 818 West Seventh Street
Los Angeles, CA 90017
SOP WS 0003916200

Information contained on this transmittal form is recorded for C T Corporation System's record keeping purposes only and to permit quick reference for the recipient. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information that can be obtained from the documents themselves. The recipient is responsible for interpreting the documents and for taking the appropriate action.

Exhibit J Pg. 7

E-SERVED 02/13/04 06:51 PM ET Baycol MDL 1431

ENDORSED
FILED
San Francisco County Superior Court
SEP 0 5 2001
GORDON PARK-LI, Clerk
BY: Deputy Clerk

Robert S. Green (State Bar No. 136183)
Robert A. Jigarjian (State Bar No. 171107)
**GIRARD & GREEN, LLP**
160 Sansome Street, Suite 300
San Francisco, California 94104
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

Laurence D. King (State Bar No. 206423)
**KAPLAN FOX & KILSHEIMER LLP**
100 Pine Street
San Francisco, CA 94111
Telephone: (415) 336-1238
Facsimile: (415) 677-1233

Frederic S. Fox
Joel B. Strauss
**KAPLAN FOX & KILSHEIMER LLP**
805 Third Avenue, 22nd Floor
New York, New York 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714

Patrick J. Stueve
**STUEVE HELDER SIEGEL**
330 West 47th Street, Suite 250
Kansas City, MO 64112
Telephone: (816) 714-7100
Facsimile: (816) 714-7101

John J. Beins
Seth D. Goldberg
**BEINS, GOLDBERG & GLEIBERMAN**
5335 Wisconsin Avenue, N.W., Suite 910
Washington, D.C. 20015
Telephone: (202) 686-1966
Facsimile: (202) 686-5517

Attorneys for Plaintiff

STATUS
9:00 A.M.
FEB 0 8 2002

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN FRANCISCO**

DOUGLAS SHAW, on behalf of himself and all others similarly situated,

Plaintiff,

v.

BAYER CORPORATION,

Defendant.

Civil Action No. 324804

**CLASS ACTION COMPLAINT FOR (1) VIOLATION OF THE CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 ET SEQ. AND (2) UNJUST ENRICHMENT**

E-SERVED 02/13/04 06:51 PM ET Baycol MDL 1431

Plaintiff, by his attorneys, brings this action on behalf of himself, and on behalf of a class of similarly situated California residents, and alleges as follows:

## PARTIES TO THE ACTION

1. Plaintiff Douglas Shaw is a resident of San Francisco County, California. Plaintiff first started using Zocor, a cholesterol-reducing drug, pursuant to a physician's prescription in August, 1999. During 2001, Plaintiff's insurer informed Plaintiff that it would provide coverage for use of Baycol, not Zocor. Plaintiff purchased and medicated with Baycol, beginning in April 2001, pursuant to his physician's prescription. Plaintiff stopped using Baycol in August 2001, after Plaintiff received a call from his supplier, informing Plaintiff that Baycol was no longer available and that Plaintiff should see his doctor immediately to change his prescription. Plaintiff's physician has since prescribed Pravachol.

2. Defendant Bayer Corporation, a corporation organized and existing under the laws of the State of Pennsylvania, is a wholly owned subsidiary of Bayer A.G., through which Bayer A.G. runs its United States operations. Bayer Corporation has offices and facilities throughout the United States with its headquarters located in Pittsburgh, Pennsylvania. Bayer Corporation also has facilities in Berkeley and Emeryville, California. Defendants Bayer A.G. and Bayer Corporation shall be collectively referred to herein as "Defendants" or "Bayer."

## CLASS ACTION ALLEGATIONS

3. Plaintiff brings this action on behalf of himself and on behalf of the Class consisting of all other California residents who purchased or ingested the drug Baycol.

4. This action has been brought and may be maintained as a class action under section 382 of the Code of Civil Procedure, section 1781 of the Civil Code, and Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure and case law thereunder, to which the California trial courts have been directed by the California Supreme Court to look for guidance.

5. Numerosity of the Class - Code Civ. Proc. § 382; Civ. Code § 1781(1); Fed. R. Civ. P. 23(a)(1). Members of the Class are so numerous that their individual joinder herein is impracticable. Plaintiff is informed and believes, and on that basis alleges, that several thousand Californians subscribed to and consumed Baycol.

E-SERVED 02/13/04 06:51 PM ET Baycol MDL 1431

6. Existence and Predominance of Common Questions of Fact and Law - Code Civ. Proc. § 382; Civ. Code § 1781(2); Fed. R. Civ. P. 23(a)(2), 23(b)(3). Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting only individual Class members. These common legal and factual questions include:

(a) Whether Defendants engaged in unlawful, unfair, or fraudulent business practices;

(b) Whether Defendants were unjustly enriched by such conduct;

(c) Whether Defendants are liable to Plaintiff and the other Class members for damages or restitution because of their failure to provide adequate warnings concerning the risks of using Baycol.

7. Typicality - Code Civ. Proc. § 382; Civ. Code § 1781(3); Fed. R. Civ. P. 23(a)(3). The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff and the members of the Class used Baycol which was designed, manufactured, supplied, distributed, sold and/or placed in the stream of interstate commerce by Defendants, and as a result now suffer an increased risk of harm for which medical monitoring relief is appropriate.

8. Adequacy - Civ. Code § 1781(4); Fed. R. Civ. P. 23(a)(4). Plaintiff is an adequate representative of the Class because his interests do not conflict with those of its members, and he has retained counsel competent and experienced in complex class actions, including products liability litigation. Plaintiff and his counsel will fairly and adequately protect the interests of the Class.

9. Superiority - Code Civ. P. § 382; Fed. R. Civ. P. 23(b)(3). The class action is superior to other available means for the fair and efficient adjudication of the claims of Plaintiff and the other members of the Class. It would be virtually impossible for the members of the Class to individually redress the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, the court system could not. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expenses to all parties, and to the court system, particularly in cases involving complex legal and factual issues such as this one. By contrast, the class action device presents far fewer management difficulties, and

E-SERVED 02/13/04 06:51 PM ET Baycol MDL 1431

provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## SUMMARY OF THE ACTION

10. An extraordinary incidence of serious adverse reactions, including death, have been associated with the use of Baycol. This action seeks equitable relief, on behalf of all Class members, to assure full and complete warnings concerning the use and effects from using Baycol, and monetary damages, including but not limited to, a full refund of all amounts expended for the purchase and/or use of Baycol. Plaintiff also seeks emergency notice to the Class so that Class members will be apprised of the potentially life-threatening reactions which have been associated with use of Baycol.

## FACTUAL BACKGROUND

11. Bayer began selling Baycol for use in the United States in 1997.

12. Baycol is a member of a class of cholesterol lowering drugs that are commonly referred to as "statins." Statins lower cholesterol levels by blocking a specific enzyme in the body that is involved in the synthesis of cholesterol. According to the FDA, all statins have been associated with rare reports of rhabdomyolysis.

13. During Bayer's fiscal 2000, sales of Baycol/Lipobay reached approximately $586 million.

14. Bayer has a history of using false and misleading sales materials concerning Baycol.

15. For example, in October 1999 the FDA informed Bayer that the FDA concluded that promotional material for Baycol was false, lacking in fair balance, or otherwise misleading, and that dissemination of the promotional material by Bayer Corporation (Bayer) and/or their agents, violated the Federal Food, Drug, and Cosmetic Act and its implementing regulations. The FDA requested Bayer to immediately cease using the offensive materials. In particular, the FDA informed Bayer that its promotional material was false or misleading in that it:

a. implied that Baycol enjoyed a clinical advantage over other statins, and the corresponding disclaimer did not adequately correct the misleading implication;

E-SERVED 02/13/04 06:51 PM ET Baycol MDL 1431

b. implied the clinical significance and the superiority of Baycol versus the other HMGs, and the corresponding disclaimer presented in smaller type did not adequately correct the misleading implication;

c. overstated the HDL-C efficacy of Baycol, and the corresponding disclaimer was insufficient to correct the misleading implication;

d. implied that Baycol is superior to Pravachol, and the corresponding disclaimer was insufficient to correct the misleading implication;

16. The FDA informed Bayer that its Baycol promotional material lacked fair balance, or was otherwise misleading, because it failed to present information relating to side effects and contraindications, with a prominence and readability reasonably comparable to the presentation of efficacy information.

17. Despite Defendants' knowledge of the dangerous propensities of Baycol, Defendants continuously and deliberately concealed from and misrepresented to the consuming public important facts concerning Baycol's safety and efficacy.

18. Rhabdomyolysis is a condition that results in muscle cell breakdown and release of the contents of muscle cells into the bloodstream. Symptoms of rhabdomyolysis may include muscle pain, weakness, tenderness, malaise, fever, dark urine, nausea and vomiting. The pain may involve specific groups of muscles or may be generalized throughout the body. Most frequently, the involved muscle groups are the calves and lower back. In rare cases, the muscle injury is so severe that patients develop renal failure and other organ failure, which can be fatal.

19. However, cases of fatal rhabdomyolysis in association with the use of Baycol have been reported significantly more frequently than has been the case with other statins. This is particularly so when Baycol is used at "higher doses," when used by elderly patients, and when used in combination with gemfibrozil (LOPID and generics) – another lipid-lowering drug. The FDA received reports of at least thirty-one deaths in the United States due to severe rhabdomyolysis associated with use of Baycol. Twelve of those deaths involved concomitant use of gemfribrozil. There are reports of many more deaths outside of the United States associated with Baycol use.

E-SERVED 02/13/04 06:51 PM ET Baycol MDL 1431

20. On August 8, 2001, the Food and Drug Administration ("FDA") announced that Bayer was withdrawing Baycol from the United States market due to reports of sometimes fatal rhabdomyolysis.

21. Bayer's parent stated "Bayer has acted responsibly and in the interest of the patient's security and health at all times."

**FIRST CLAIM FOR RELIEF**
**(Unlawful, Unfair or Fraudulent Business Practices)**

22. Plaintiff repeats each and every allegation set forth above with the same force and effect as though fully set forth herein and further alleges as follows.

23. Plaintiff asserts this cause of action on behalf of himself, the Class, and the general public of California.

24. The acts and practices engaged in by Defendants and described herein constitute unlawful, unfair and fraudulent business practices under section 17200 et seq. of the Business and Professions Code.

25. Under sections 17200 and 17203 of the California Business and Professions Code, Plaintiff requests an order compelling Defendants to disgorge their ill gotten gains, and awarding Plaintiff and members of the Class full restitution of all money wrongfully acquired by Defendants by means of their unlawful business practices, plus interest and attorney's fees pursuant to, among other things, section 1021.5 of the Code of Civil Procedure.

**SECOND CLAIM FOR RELIEF**
**(Unjust Enrichment)**

26. Plaintiff repeats each and every allegation set forth above with the same force and effect as though fully set forth herein and further alleges as follows.

27. Since Baycol was first approved for sale in the U.S. in 1997, Defendants collected hundreds of millions of dollars from sales of Baycol. Millions of dollars that Defendants received from Baycol sales were attributable to sales to Plaintiff and the Class.

28. In exchange for Plaintiff's and the Class's payments for Baycol, Defendants sold Baycol to Plaintiff and the Class by means of false and misleading sales and marketing materials

E-SERVED
02/13/04
06:51 PM ET
Baycol MDL 1431

that, among other things, did not adequately inform Plaintiff and the Class that Baycol was more prone to cause a severe adverse reaction than other alternative drugs.

29. Defendants have been unjustly enriched by the revenues they obtained from sales of Baycol to Plaintiff and the Class.

30. Accordingly, a constructive trust should be imposed over the revenues Defendants obtained from Baycol sales, for disgorgement and restitution to Plaintiff and the Class.

**WHEREFORE,** Plaintiff, on behalf of himself, the Class and the general public of California, prays for relief as follows:

A. For an order certifying the Class and appointing Plaintiff and his counsel to represent the Class;

B. For an order awarding Plaintiff and the members of the Class restitution and/or disgorgement and other equitable relief as the Court deems proper;

C. For an order enjoining Defendants:

i. Under Sections 17200 and 17203 of the Business and Professions Code, from continuing to engage in the business acts and practices that are unlawful, unfair, fraudulent, or deceptive as alleged herein; and

ii. Under Sections 17500 and 17525 of the Business and Professions Code, from continuing to disseminate the statements that are untrue or misleading as alleged herein.

D. For an order awarding Plaintiff and members of the Class pre-judgment and post-judgment interest, as well as their reasonable and attorneys' and expert witness fees and other costs; and

E. Such other and further relief as may be just and proper.

E-SERVED 02/13/04 06:51 PM ET Baycol MDL 1431

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated: September 5, 2001

Respectfully submitted,

**GIRARD & GREEN, LLP**

Robert S. Green
Robert A. Jigarjian
160 Sansome Street
Suite 300
San Francisco, CA 94104
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

Laurence D. King
**KAPLAN FOX & KILSHEIMER LLP**
100 Pine Street
San Francisco, CA 94111
Telephone: (415) 336-1238
Facsimile: (415) 677-1233

Frederic S. Fox
Joel B. Strauss
**KAPLAN FOX & KILSHEIMER LLP**
805 Third Avenue
22nd Floor
New York, New York 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714

John J. Beins
Seth D. Goldberg
**BEINS, GOLDBERG & GLEIBERMAN**
5335 Wisconsin Avenue, N.W.
Suite 910
Washington, D.C. 20015
Telephone: (202) 686-1966
Facsimile: (202) 686-5517

Patrick J. Stueve
**STUEVE HELDER SIEGEL**
330 West 47th Street, Suite 250
Kansas City, MO 64112
Telephone: (816) 714-7100
Facsimile: (816) 714-7101

Attorneys for Plaintiff