E-SERVED
03/05/04
06:46 PM ET
Baycol MDL 1431

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: BAYCOL PRODUCTS LITIGATION

MDL No. 1431
(MJD/JGL)

This Document Relates to:

Douglas Shaw v. Bayer Corp., et al.

MDL Case No: 02-0433

BAYER CORPORATION'S OPPOSITION
TO PLAINTIFF'S MOTION TO AMEND
COMPLAINT AND REMAND ACTION

E-SERVED 03/05/04 06:46 PM ET Baycol MDL 1431

## I. INTRODUCTION

Plaintiff seeks to remand this class action based on a failure to meet the amount in controversy requirement set forth in 28 U.S.C. § 1332. He argues that the complaint limits the claims of the putative class members to "economic" damages only, and thus that no individual class member could be entitled to more than $75,000. This Court has twice considered nearly identical arguments. See *Pinkerman et al. v. Bayer Corporation et al.*, Case No. 02-876; *Artall et al. v. Bayer Corporation et al.*, Case No. 02-556. In both cases this Court determined that Plaintiff's position is unrealistic. As did the plaintiffs in *Pinkerman* and *Artall*, Plaintiff misrepresents the breadth of his own allegations and claims for relief. Most notably, although the Plaintiff has chosen not to mention it, the Complaint includes a request for medical monitoring (Compl. ¶ 7). This Court has previously decided that class actions seeking medical monitoring relief meet the federal amount in controversy requirement. See *Abrams v. Bayer Corp., et al.*, Case No. 02-0135, et al. (Order dated February 25, 2003). Based on his medical monitoring claim alone, Plaintiff's motion for remand should be denied.

Notwithstanding Plaintiff's claim for medical monitoring, the amount in controversy still easily exceeds $75,000 per plaintiff. In addition to medical monitoring relief, Plaintiff seeks attorneys' fees, pre-judgment and post-judgment interest, reasonable expert witness fees and other costs, and such other relief as may be just and proper (Compl. ¶ 30). Plaintiff also seeks "monetary damages, *including but not limited to* a full refund of the amounts expended for the purchase and/or use of Baycol" (Compl. ¶ 10) (emphasis added). Given the scope of the complaint, there can be no question that federal jurisdiction is proper.

Plaintiff cites numerous cases in support of his argument that, in a class action, the individual plaintiffs' claims may not be aggregated to reach an amount in controversy that

E-SERVED
03/05/04
06:46 PM ET
Baycol MDL 1431

exceeds $75,000. Plaintiff's argument regarding aggregation is largely irrelevant. First, this Court has previously decided that claims for medical monitoring must be valued based on the common fund exception to the non-aggregation rule. *Abrams, et al.* Order at 5. Second, as is facially apparent from the Complaint, there is no need for the individual plaintiffs' claims to be aggregated in order to reach the $75,000 jurisdictional requirement.

For the purposes of deciding this motion, the question before the Court is what the individual plaintiffs can recover were they to be wholly successful in their claims against the defendant. This value represents the true "amount in controversy." Despite Plaintiff's attempt to thwart Bayer's legitimate right to federal jurisdiction, Bayer can easily establish that the claims asserted here are worth in excess of $75,000. Because complete diversity exists and the amount in controversy requirement is met, this Court has subject matter jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and Plaintiff's motion to remand should be denied.

## II. LEGAL STANDARD

When a dispute arises as to whether the amount in controversy necessary to satisfy the federal jurisdictional requirement exists, "the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." Missouri v. Western Sur. Co., 51 F. 3d 170, 173 (8th Cir. 1995). Once the removing party meets its burden, the responsibility then shifts to the non-moving party to establish that it cannot recover in excess of the jurisdictional amount. De Aguilar, et al. v. Boeing Co., et al., 47 F. 3d 1404, 1411-12 (5th Cir. 1995) (emphasis added). Assuming that complete diversity exists among the parties, federal jurisdiction is improper only "if it appears 'to a legal certainty' that the value of the claim is actually less than the required amount." Trimble v. Asarco, Inc., 232 F. 3d 946, 959 (8th Cir. 2000).

E-SERVED
03/05/04
06:46 PM ET
Baycol MDL 1431

## III. ARGUMENT

Although Plaintiff chooses to ignore his own allegations and claims for relief beyond economic damages, this Court's jurisdictional inquiry must look to the substance of Plaintiff's claims to determine the value of the recovery available to Plaintiff if those claims are successful. See Zunamon v. W.G. Brown, 418 F. 2d 883, 885 (8th Cir. 1969) (Plaintiff's assertions regarding the requisite jurisdictional amount are not dispositive of the amount in controversy issue).

Contrary to Plaintiff's assertions, Bayer's basis for removal is not premised on the cost to Bayer of the imposition of a constructive trust on the revenues obtained from Baycol sales to California consumers. Removal is proper for two reasons, each of which is independently sufficient to prevent remand. First, Plaintiff has made a claim for medical monitoring relief, and this Court has previously determined that in putative class actions, such claims meet the federal amount in controversy requirement. Second, notwithstanding the medical monitoring claim, jurisdiction is proper for the simple reason that the allegations and claims for relief set forth in the Complaint easily put each class member's potential recovery above $75,000.

### A. As This Court Has Previously Decided, the Jurisdictional Minimum is Met Where a Putative Class Action Seeks Medical Monitoring Relief.

Although Plaintiff has chosen not to bring his medical monitoring claim to the Court's attention, it is facially apparent from the Complaint that Plaintiff seeks medical monitoring relief on behalf of himself and the other class members. (Compl. ¶¶ 7 (members of the class "now suffer an increased risk of harm for which medical monitoring relief is appropriate"); 30.E (seeking "such other and further relief as may be just and proper").

E-SERVED 03/05/04 06:46 PM ET Baycol MDL 1431

The question of whether putative class actions including claims for medical monitoring meet the amount in controversy requirement was previously decided by this Court after extensive briefing on the issue. See *Abrams v. Bayer Corp., et al.*, Case No. 02-0135, et al. (Order dated February 25, 2003). In *Abrams, et al.*, this Court determined that medical monitoring claims must be valued based on the common fund exception to the non-aggregation rule. The Court cited numerous cases which have uniformly held that, given the unique nature of a medical monitoring claim, the value of medical monitoring from the Plaintiff's viewpoint is determined by reference to the cost to the defendant. *Abrams, et al.* Order at 5 (citing Jackson v. Johnson & Johnson, Inc. et al., 2001 U.S. Dist. LEXIS 22329 (W.D. Tenn. 2001); In re: Rezulin Products Liability Litigation, 168 F. Supp. 2d 136, 152 (S.D.N.Y. 2001); In re: Diet Drugs, 1999 WL 673066 (E.D. Pa. 1999); Katz v. Warner-Lambert Co., 9 F. Supp. 2d 363 (S.D.N.Y. 1998); Gibbs v. DuPont De Nemours & Co., Inc., 876 F. Supp. 475, 479 (W.D.N.Y. 1995).[1] In *Abrams*, Bayer proved that the costs associated with the establishment of a medical monitoring program which, as here, potentially could involve thousands to millions of claimants, would exceed $75,000. This Court therefore denied remand in *Abrams* and seven other similar cases.

As this Court held in *Abrams* and the other cases decided simultaneously, the cost to Bayer of implementing a medical monitoring fund alone brings the value of the Plaintiff's claims above $75,000, making federal jurisdiction proper.

---

1 Plaintiff cites Kanter v. Warner-Lambert Co., 265 F. 3d 853, 859-60 (9th Cir. 2001) for the proposition that a claim for relief by a proposed class to enjoin deceptive and misleading advertising and sales of a dangerous product is not subject to aggregation and cannot be calculated by determining the cost to the defendants of complying with the injunction. Because that decision did not consider claims for medical monitoring, it is not contrary to the cases cited by the Court.

E-SERVED 03/05/04 06:46 PM ET Baycol MDL 1431

### B. Notwithstanding Plaintiff's Claim for Medical Monitoring Relief, Each Class Member's Claim Still Exceeds $75,000.

Even if Plaintiff's claim for medical monitoring were not sufficient to prevent remand, the remaining claims still put each individual plaintiff's potential recovery above $75,000.

#### 1. Plaintiff seeks additional relief beyond economic damages.

Plaintiff's complaint sets forth two claims for relief: a claim for unlawful, unfair or fraudulent business practices under sections 17200 and 17203 of the California Business and Professions Code, and a claim for unjust enrichment. Despite his inclusion of only two equitable claims, Plaintiff has framed the complaint in such a way as to allow recovery for much more than equitable relief. In addition to seeking "restitution and/or disgorgement and other equitable relief as the Court deems proper" (Compl. ¶ 30.A), plaintiff also requests "monetary damages," and, contrary to his assertions in his remand motion, specifies that such damages are not limited to a refund of the amounts expended for the purchase or use of Baycol (Compl. ¶ 10). In addition to restitution and unspecified damages, Plaintiff seeks "an order awarding Plaintiff and members of the class pre-judgment and post-judgment interest, as well as their reasonable attorneys' and expert witness fees and other costs"[2] (Compl. ¶ 30.D).

And Plaintiff does not stop there. He also includes a broad request for "such other relief as may be just and proper" (Compl. ¶ 30.E). The complaint thus provides Plaintiff the ultimate flexibility to emphasize the claims of his choice, and to shape his evidence accordingly.

---

[2] Although California Business & Professions Code §§ 17200 - 17209 does not expressly authorize recovery of attorneys' fees, Plaintiff seeks such fees under California Code of Civil Procedure § 1012.5, which authorizes an award of attorneys' fees to a successful party in an action resulting in the enforcement of an important right affecting the general public or a large class of persons.

E-SERVED 03/05/04 06:46 PM ET Baycol MDL 1431

Plaintiff wants to have it both ways – he is eager to return to state court, but nonetheless wants to preserve his ability to recover in excess of $75,000 per class member later. As it has done before in *Pinkerton* and *Artall*, the Court should deny Plaintiff's attempt to avoid federal jurisdiction with his carefully-crafted complaint.

**2. Plaintiff's complaint leaves open the possibility that class members may recover for personal injuries.**

Although Plaintiff does not specifically allege that he or any of the putative class members seeks to recover for personal injuries relating to their consumption of Baycol, his complaint leaves open the possibility of such claims. Plaintiff broadly defines the class as "all other California residents who purchased or ingested the drug Baycol" (Compl. ¶ 3). It is entirely possible that members of this putative class will claim to have sustained personal injuries. Nowhere in Plaintiff's complaint does he allege that he and the other class members have *not* sustained personal injuries related to their use of Baycol, nor does the class definition expressly exclude persons with personal injuries.

In fact, Plaintiff's complaint specifically refers to the types of personal injuries allegedly attributable to Baycol. Plaintiff states that "an extraordinary incidence of serious adverse reactions, including death, have been associated with the use of Baycol." Compl. ¶ 10. Claiming that cases of fatal rhabdomyolysis in association with Baycol were reported more frequently than is the case with other statins, Plaintiff mentions Baycol's alleged link to "at least thirty-one deaths in the United States due to severe rhabdomyolysis associated with the use of Baycol." Compl. ¶ 19. As this Court recognized in its opinion in the *Pinkerman* and *Artall* cases, the recovery available to class members claiming for death or other personal injuries

E-SERVED 03/05/04 06:46 PM ET Baycol MDL 1431

allegedly attributable to their Baycol use, together with claims for injunctive and equitable relief, attorneys' fees and damages, easily would exceed $75,000 per class member.

**3. California's claim-splitting law requires this Court to assume that all claims Plaintiff and putative class members possess as a result of their purchase of Baycol will be fully litigated in this class action.**

At this stage of the litigation, the choice of which state's substantive law will apply to this putative class action has not yet been made. Bayer assumes, however, that given the restriction of the putative class members to California residents; the fact that the lawsuit was filed in San Francisco County, California, and the inclusion in Plaintiff's complaint of claims under the California Business and Professions Code, it is Plaintiff's preference that California law should apply. Under California law, Plaintiff and class members must use this class action lawsuit as a vehicle to recover for all claims arising from their purchase of Baycol, or lose those claims altogether.

Under California law, "a party may not split up a single cause of action and make it the basis of separate suits." Wulfjen v. Dolton, 24 Cal. 2d 891, 894 (1944). This rule bars members of a class from re-litigating claims related to a cause of action that already has been decided. Johnson v. American Airlines, Inc., 157 Cal. App. 3d 427 (1984). Thus, all putative class members' claims, including those for personal injuries, must be litigated in one lawsuit.

This Court's jurisdictional inquiry must assume that, under California law, all class members will be entitled to recover all that is available to them for their purchase and use of the drug Baycol. Indeed, Plaintiff requests all "relief as may be just and proper," see Compl. ¶ 30.E, including, potentially, both monetary and economic damages. Given the breadth of

E-SERVED 03/05/04 06:46 PM ET Baycol MDL 1431

Plaintiff's allegations, the value of each class member's claim easily exceeds the jurisdictional minimum.

**C. Plaintiff Did Not Legally Limit His Recovery and Cannot Do So at this Time.**

When he filed his complaint, Plaintiff made no attempt to bind himself to recovery of less than $75,000. Had he actually intended to disclaim recovery in excess of this amount, at least as to himself, he could have filed a sworn affidavit at that time.[3] De Aguilar, et al. v. Boeing Co., et al., 47 F. 3d 1404, 1412 (5th Cir. 1995); In re Shell Oil Co., 970 F. 2d 355, 356 (7th Cir. 1992) ("Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints").

Even if Plaintiff were willing to sign such an affidavit now, it could not be considered for the purposes of this motion, as it is well established that the amount in controversy is determined at the time the notice of removal was filed. See, e.g., St. Paul Mercury Indemnity Co., 303 U.S. 283, 294 (1938) (if a plaintiff brings suit in state court, demanding a sum in excess of the jurisdictional amount, and the defendant properly removes the action to federal court, any subsequent reduction by plaintiff of the amount claimed will not divest the federal court of jurisdiction); Pullman Co. v. Jenkins, 305 U.S. 534, 537-38 (1939) (court should determine validity of removal based on pleadings in original complaint); Core v. Southwestern Bell Telephone Co., 847 F. 2d 497, 498 (8th Cir. 1988) (plaintiff not permitted to stipulate, via

3 Plaintiff could not disclaim recovery on behalf of absent class members. *See, e.g.*, Chiartas v. Bavarian Motor Works, A.G., 106 F. Supp. 2d 872, 873-874 (S.D. W.Va. 2000)(holding a written disclaimer purporting to limit the recovery of potential class members [is] wholly specious" and cannot support a denial of federal jurisdiction); Seale v. Nissan Motor Acceptance Corp., No. 95-1008-BH-M, 1996 WL 539899 (S.D. Ala. March 7, 1996) (stating that a waiver by a class representative of putative class members' recovery is "neither binding nor effective" and would amount to a breach of a Plaintiff's fiduciary duty as a class representative).

E-SERVED 03/05/04 06:46 PM ET Baycol MDL 1431

amended complaint, that amount in controversy is less than jurisdictional minimum because amount in controversy is determined at the time the notice of removal is filed).

This Court must decline to accept Plaintiff's self-serving assertions that no class member will be entitled to more than $75,000. Had Plaintiff actually intended to forego recovery in excess of $75,000, he had the means to do so in the form of a legally-binding sworn affidavit. Plaintiff chose not to avail himself of this means of legally limiting his recovery.

## IV. CONCLUSION

The true value of the claims of Plaintiff and putative class members exceeds the jurisdictional minimum amount in controversy of $75,000. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a), based on diversity of citizenship, and removal pursuant to 28 U.S.C. § 1441(a) was appropriate. Defendant therefore respectfully requests that Plaintiff's motion to remand be denied.

Dated: March 5, 2004

Respectfully submitted,

Catherine Valerio Barrad /jfm

Catherine Valerio Barrad
Jill Faulkner McNeal
SIDLEY AUSTIN BROWN & WOOD LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013

Philip S. Beck
Adam Hoeflich
BARTLIT BECK HERMAN PALENCHAR
& SCOTT
54 West Hubbard Street, Suite 300
Chicago, IL 60603
(312) 494-4400

E-SERVED
03/05/04
06:46 PM ET
Baycol MDL 1431

Susan A. Weber
SIDLEY AUSTIN BROWN & WOOD LLP
Bank One Plaza
10 South Dearborn Street
Chicago, IL 60603
(312) 853-7000

Richard K. Dandrea
ECKERT SEAMENS CHERIN & MELLOTT, LLC
USX Tower, 600 Grant St., 44th Floor
Pittsburgh, PA. 15219
(412) 566-6000

Counsel for Bayer Corporation

E-SERVED
03/05/04
06:46 PM ET
Baycol MDL 1431

CERTIFICATE OF SERVICE

I, Eva A. Fitzhugh, certify that a true and correct copy was electronically served to counsel of record via Verilaw on March 5, 2004.

Eva A. Fitzhugh