E-SERVED
08/11/04
12:47 PM ET
Baycol MDL 1431

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE: BAYCOL PRODUCTS LIABILITY LITIGATION | MDL No. 1431 (MJD) |
| This Document Relates To: | **PLAINTIFF DOUGLAS SHAW'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RELIEF FROM PRETRIAL ORDER NO. 114 PARTS I(A) AND (B)** |
| Shaw v. Bayer Corporation,<br>Case No. 02-CV-433 | |

## I. INTRODUCTION

On May 25, 2004, Plaintiff filed a motion for relief from Pretrial Order No. 114, Parts I(A) and (B) (hereinafter, "PTO 114"), which require each plaintiff to "serve a Rule 26(a)(2) case-specific report from a medical expert attesting that Baycol caused the plaintiff to suffer injuries or damages" or to "serve a letter and supporting documents subsequently followed by a case-specific expert report." Defendant opposed Plaintiff's request for relief from PTO 114 on the ground that to pursue a claim in federal court under Section 17200 of the California Business and Professions Code, Plaintiff is required either to establish an injury or a lack of benefit related to Baycol. Without proof of injury, argues Defendant, Plaintiff lacks standing.

The Court should reject Defendant's argument because (1) it is premised on a misunderstanding of the requirements for obtaining relief in the form of restitution and

E-SERVED 08/11/04 12:47 PM ET Baycol MDL 1431

disgorgement under Section 17200, (2) it is inconsistent with the purpose of Parts I(A) and (B) of PTO 114, and (3) the Court should resolve Plaintiff's motion to remand, now pending, prior to a determination of standing.

## II. DISCUSSION

### A. California Business & Professions Code Section 17200 Imposes No Requirement of Case-Specific Medical Expert Report

Plaintiff asserts only two claims: violation of the UCL and unjust enrichment. Complaint ¶¶ 22-30. Plaintiff alleges neither that he has suffered personal (i.e., medically related) injuries nor that as a result of ingesting Baycol he has been exposed to a significantly increased risk injury.[1] Contrary to Defendant's assertion, however, this does not deprive Plaintiff of standing.

To state a claim under section 17200 of California's Business and Professions Code ("UCL" or "Section 17200"), a plaintiff "need not plead and prove the elements of a tort. Instead, one need only show that 'members of the public are likely to be deceived.'" Bank of the West v. Sup. Ct., 2 Cal.4th 1254, 1267 (1992). Under the UCL, entitlement to statutory remedies of injunction, restitution, and disgorgement of a defendant's wrongful gains requires only that a plaintiff establish that defendant engaged in an unfair business practice. Fletcher v. Security Pacific Nat'l Bank, 23 Cal.3d 442, 453 (1979). Allegations of actual deception, reasonable reliance, and damages are unnecessary. Committee on Children's Television, Inc. v. General Foods Corp., 35 Cal.3d 197, 211 (1983).

Despite the well-established law regarding UCL claims and remedies, Defendant argues that Plaintiff's ability to proceed on his claims "will depend on [his] ability to

---

[1] For this reason, Plaintiff Shaw's complaint does not assert a claim for medical monitoring. In this respect, it is different than Plaintiff Kosfsky's complaint.

E-SERVED 08/11/04 12:47 PM ET Baycol MDL 1431

demonstrate injury or lack of health benefit related to Baycol." Opposition Memorandum ("Memo") at 2. Defendant cites not a single authority in support of its contention; this is not surprising because there is no authority for it. Indeed, as California courts construing the UCL have made clear, a UCL plaintiff need not prove direct injury as a result of unfair or unlawful business practices. Saunders v. Sup. Ct., 27 Cal.App.4th 832, 839 (1994). A person may bring an action on behalf of herself or the general public. Id. No court in California has ever required a UCL claimant to submit a case-specific expert report to establish injury or loss to obtain restitution or disgorgement under the UCL.

The fact that Plaintiff does not allege that he suffered personal injury caused by ingesting Baycol does not support Defendant's conclusion that no basis for disgorgement and restitution exists. Defendant began selling Baycol in the United States in 1997. Complaint ¶ 11. In October 1999, the FDA informed Defendant that the agency had concluded that Defendant had disseminated false and misleading advertisements regarding Baycol and failed to present information regarding the side effects and contraindications from taking Baycol. Complaint ¶¶ 15, 16. Defendant concealed the FDA's findings regarding the dangers of Baycol and continued selling the drug. Complaint ¶ 17. Not until August 8, 2001, did Defendant finally announce that it would withdraw Baycol from the market due to reports of fatalities caused by taking Baycol. Complaint ¶ 20. Plaintiff purchased Baycol beginning in April 2001, until its withdrawal from the market in August 2001. Complaint ¶ 1.

Had the truth about the dangerous side effects and contraindications of Baycol, including the potential risk of death, been known to the public, no reasonable consumer would have purchased Baycol. Thus, Plaintiff was injured when he *purchased* Baycol

E-SERVED 08/11/04 12:47 PM ET Baycol MDL 1431

because he would *not* have purchased had Defendant publicized its dangerous propensities. Had Defendant informed the public of the known dangers of Baycol when it first learned of those dangers, Defendant would not have made the substantial sales of Baycol that it made until the drug was withdrawn from the market on August 8, 2001. Plaintiff's purchase itself of the drug is injury for the purposes of his UCL claim. The same reasoning applies to Plaintiff's unjust enrichment claim. In this manner, Plaintiff's unjust enrichment claim is different than that proposed in the MDL motion for class certification. Accordingly, the Court's finding in denying the MDL motion for relief from PTO 114 that individual injury must be shown is of no relevance to this motion. Whether Baycol provided any actual benefits to Plaintiff thus is immaterial.

**B. Parts I(A) and (B) of PTO 114 Properly Apply to Claims Involving Personal Injury But Not to Claims for Restitution or Disgorgement**

The requirements of Parts I(A) and (B) of PTO 114 are appropriate where a plaintiff asserts claims for personal injuries resulting from ingesting Baycol. To adjudicate a claim for personal injury allegedly caused by taking a drug, it is reasonable to require a plaintiff who seeks to recover for such injuries to establish that the injuries were caused by Baycol.

Requiring compliance with Parts I(A) and (B) by a plaintiff who claims no personal injury but seeks only restitution and disgorgement, however, is not appropriate. Indeed, Part I(F) of PTO 114 recognizes the basis for the exclusion requested here, where a plaintiff "asserts that no applicable law requires a case-specific expert report" to establish a claim. As discussed above, a party bringing a UCL claim is not required to establish that he or she suffered personal injury or damages, nor has any court adjudicating a UCL claim for restitution or disgorgement required an expert report

E-SERVED 08/11/04 12:47 PM ET Baycol MDL 1431

attesting to losses resulting from alleged violations of the UCL. Furthermore, the injury Plaintiff complains of is not a physical or medical injury from taking Baycol, but the monetary loss he suffered as a result of purchasing a drug he would not have purchased had Defendant not concealed its dangers from the public. Thus, Plaintiff seeks restitution only to have returned to him the money he spent to purchase Baycol.

The remedy of disgorgement requires a defendant to relinquish all profits obtained in connection with an unlawful or unfair business practice. Wershba v. Apple Computers, Inc., 91 Cal.App.4th 224, 242 (2001). A determination of the amount of ill-gotten gains need not take into account the benefit, if any, plaintiff received from the product purchased. The remedy of disgorgement compels a defendant to surrender all money obtained through unlawful or unfair business practices even though not all is to be restored or returned to the person from whom it was obtained. Kraus v. Trinity Mgmt. Servs., Inc., 23 Cal.4th 116, 127 (2000). Thus, a claim for disgorgement of wrongfully obtained profits requires no determination of the actual benefit obtained by a plaintiff who purchased and used Baycol. Accordingly, there is no need for an expert to attest to the efficacy of the drug or its potential benefits, if any, obtained by a plaintiff. Rather, a determination of the amount of wrongfully gained profits will require only an examination of Defendant's accounting records to determine the true cost to Defendant of manufacturing, marketing, and selling the product, in relation to the total revenue received from the sale of Baycol.

### C. The Court Should Rule on Plaintiff's Pending Motion for Remand Before Considering the Issue of Standing

On February 13, 2004, Plaintiff filed a motion to remand his action to California Superior Court. Defendant filed a vigorous opposition to that motion. The motion is still

E-SERVED 08/11/04 12:47 PM ET Baycol MDL 1431

pending. Defendant now attempts to use the requirements of PTO 114 to make an end-run around the issue of subject matter jurisdiction by urging the Court to rule that Plaintiff lacks standing to bring a UCL claim in federal court.

Defendant maintains that without proof of injury, Plaintiff lacks standing to pursue a UCL claim in federal court. First, as discussed above, Plaintiff suffered injury when he *purchased* Baycol because no reasonable consumer would have purchased the drug had Defendant informed the public of its dangerous and potentially fatal side effects. Thus, it is immaterial whether Plaintiff suffered any medical injuries or damages.

Second, the cases Defendant relies upon are inapposite. The court's ruling in Hangarter v. Provident Life & Accident Ins. Co., 373 F.3d 998, 1021-22 (9th Cir. 2004), focused only on the plaintiff's claim for injunctive relief. The court held that the plaintiff lacked standing to seek injunctive relief because she had no contractual relationship with the defendant and was not personally threatened with its conduct. Id. at 1021-22. The court did not address whether plaintiff would have sufficient standing to pursue a claim for restitution or disgorgement.

In Lee v. American Nat'l Ins. Co., 260 F.3d 997 (9th Cir. 2001), the court ruled that plaintiff lacked standing to seek any relief from one of the defendant insurance companies. Contrary to Defendant's implication that all claims based on representative standing under the UCL will fail to satisfy Article III standing requirements in federal court, the ruling in that case was predicated on the fact that the plaintiff sought injunctive relief against a defendant from whom he "did *not* buy any policy . . . and so did *not* suffer any injury due to [that defendant's] conduct." Id. at 1002 (emphasis added). Here,

E-SERVED 08/11/04 12:47 PM ET Baycol MDL 1431

Plaintiff purchased Baycol from Defendant. As discussed above, for purposes of Plaintiff's UCL claim, the purchase of the drug is the injury. Thus, Lee is inapposite.

Defendant's reliance on Hamelin v. Allstate Ins. Co., No. 01CV7954, 2002 WL 441581 (C.D. Cal. Mar. 12, 2002), is equally unavailing. In a lawsuit by an insured against her insurance company for breach of contract, breach of covenant of good faith and fair dealing, and violation of the UCL for refusing to pay the policy limit under an automobile policy, the court ruled that plaintiff lacked standing to seek restitution because plaintiff, after arbitration, ultimately recovered the policy coverage amount. Id. at *3. The court also ruled against standing for injunctive relief because plaintiff demonstrated no likelihood of future harm. Finally, the court ruled that she lacked standing to recover for disgorgement because it is a collective remedy, not an individual one. Id. Hamelin is inapposite because in Hamelin, the plaintiff had been repaid, here the plaintiff has not been repaid. Second, this case involves no claim for injunctive relief from future harm. Finally, it seeks disgorgement on behalf of a class rather than for plaintiff himself. None of the factors that weighed against standing in Hamelin apply to the circumstances present here.

Thus, leaving aside the lack of support for Defendant's standing argument, the Court should not permit Defendant to make an end-run around the Court's lack of subject matter jurisdiction, and should resolve the pending motion to remand before considering the issue of relief from Parts I(A) and (B) of PTO 114.

///

///

///

E-SERVED
08/11/04
12:47 PM ET
Baycol MDL 1431

## III. CONCLUSION

For the reasons discussed above, the Court should order that Plaintiff be relieved from the obligations under PTO No. 114, Parts I(A) and I(B).

Dated: August 11, 2004

**GREEN & JIGARJIAN LLP**

By: ______________________
Robert S. Green

235 Pine Street, 15th Floor
San Francisco, CA 94104
Telephone: (415) 477-6700
Facsimile: (415) 477-6710

E-SERVED 08/11/04 12:47 PM ET Baycol MDL 1431

## CERTIFICATE OF SERVICE

I, Leslie R. Cuesta, hereby declare as follows:

I am employed by Green & Jigarjian, A Limited Liability Partnership, 235 Pine Street, 15th Floor, San Francisco, California 94104. I am over the age of eighteen years and am not a party to this action. On August 11, 2004, the within document was electronically served to counsel of record via Verilaw:

**PLAINTIFF DOUGLAS SHAW'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RELIEF FROM PRETRIAL ORDER NO. 114 PARTS I(A) AND (B)**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct, executed August 11, 2004, at San Francisco, California.

Leslie R. Cuesta