E-SERVED
10/06/04
06:34 PM ET
Baycol MDL 1431

G&J ATTORNEYS AT LAW

GREEN & JIGARJIAN LLP

October 6, 2004

**VIA FEDERAL EXPRESS**

The Honorable Michael J. Davis
U.S. District Judge, District of Minnesota
**United States District Court**
14E U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

**Re: In re: Baycol Products Liability Litigation, MDL No. 1431 (MJD)**
**(This letter relates to Shaw v. Bayer Corporation, Case No. 02-CV-433)**

Dear Judge Davis:

I write pursuant to Local Rule 7.1(g) to request that the Court reconsider its order of August 9, 2004 denying Plaintiff's Motion for Relief from Parts I(A) and I(B) of PTO No. 114 ("August 9 order"). There are two bases for this request. First, Plaintiff is filing herewith his motion to amend to remove from this action the one claim for relief referenced in the Court's August 9 order as requiring an expert opinion to proceed. Second, Plaintiff believes that his February 13, 2004 motion to remand establishes that subject matter jurisdiction does not exist here and therefore renders PTO No. 114 inapplicable to this case.

Plaintiff's motion to amend, if granted, would eliminate the only claim that potentially requires case specific expert testimony. The original complaint asserts two causes of action. The first cause of action is for violation of California's Unfair Competition Law. Cal. Bus. & Prof. Code § 17200, et seq. The second cause of action is for unjust enrichment. In Plaintiff's May 25, 2004 motion for relief from PTO No. 114, Plaintiff asserted that neither of the two causes of action required an expert report to proceed. In its August 9 order, the Court concluded that the unjust enrichment cause of action does require an expert report. The Court did not, however, address the same issue with regard to Plaintiff's first cause of action under California's Unfair Competition Law. Plaintiff has reassessed his complaint and concluded that the unjust enrichment claim adds nothing to the claim asserted under the UCL and appears to have a more difficult burden of proof. Accordingly, Plaintiff is filing herewith his motion to amend to remove the claim for unjust enrichment. Plaintiff believes his motion to amend should be granted pursuant to Federal Rule of Civil Procedure 15. Accordingly, Plaintiff respectfully

E-SERVED
10/06/04
06:34 PM ET
Baycol MDL 1431



requests that the Court reconsider its August 9 order after ruling on Plaintiff's motion to amend, in that the stated basis for requiring an expert report would no longer be applicable, if the motion to amend is granted.

Second, Plaintiff believes his February 13, 2004 motion to remand asserts a legitimate basis for concluding that this Court does not have subject matter jurisdiction over this action. According to Wright & Miller, an order entered by a court without subject matter jurisdiction is void. See 11 Fed. Prac. & Proc. Civ. 2d § 2862 (2004); see also MaGee v. Exxon Corp., 135 F.3d 599 (8th Cir. 1998). If Plaintiff is correct on the issue of subject matter jurisdiction, then PTO No. 114 would not be applicable to this case. Accordingly, Plaintiff respectfully requests the Court to resolve the remand motion and to stay application of its August 9 order until the subject matter jurisdiction issue is resolved.

Yours very truly,

GREEN & JIGARJIAN LLP
A Limited Liability Partnership

Robert S. Green

RSG/lrc
cc: Counsel of Record *(via Verilaw)*

Writer's Direct E-Mail
rsg@classcounsel.com