E-SERVED
11/02/04
04:45 PM ET
Baycol MDL 1431

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**In re: BAYCOL PRODUCTS LITIGATION** **MDL No. 1431 (MJD/JGL)**

---

**This Document Relates to:**

***Douglas Shaw v. Bayer Corp.*** **Case No: 02-0433**

---

# BAYER CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT

Plaintiff's motion to amend is designed to deprive defendants of a federal forum and to defeat this Court's prior orders with respect to class certification and PTO 114. This blatant attempt at forum shopping should not be condoned.

Plaintiff cannot gerrymander his allegations to defeat jurisdiction. As plaintiff conceded in his original motion for remand, "the Court must review plaintiff's pleading at the time of the petition for removal" to determine jurisdiction. Pl.'s Mot. for Remand at 3 (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)) (filed 10/26/01). Plaintiff's original complaint seeks relief for, among other things, medical monitoring and personal injuries, which independently satisfy the amount-in-controversy requirement for diversity jurisdiction. Orig. Compl. ¶¶ 3, 7. The Court thus has jurisdiction and should deny this disguised motion to remand.

E-SERVED
11/02/04
04:45 PM ET
Baycol MDL 1431

The Court also should not allow plaintiff to perform an end-run around PTO 114 (as supplemented by PTO 131). Plaintiff has asserted unjust enrichment and California's Unfair Business Practices Act claims for more than three years. He argued those claims should be exempt from PTO 114 and lost. He is wasting the time of the Court and the defendant on an issue previously resolved against him.

In any event, plaintiff's theory that he can drop the unjust enrichment claim to avoid PTO 114 is unavailing. The trial court responsible for the coordinated Baycol proceedings in California refused to exempt plaintiffs with Unfair Business Practices claims from discovery relating to their medical histories. *See infra*, Part II, note 1. Furthermore, plaintiff must prove injury and causation to maintain Article III standing. *See, e.g., Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1022 (9th Cir. 2004) (requiring proof of standing for Unfair Business Practices claim). No amendment can eliminate this Constitutional requirement.

The Court therefore should either deny the motion to amend or, in the alternative, permit amendment, but deny plaintiff's requests to defeat jurisdiction and for special treatment with respect to PTO 114.

## FACTUAL BACKGROUND

On September 7, 2001, plaintiff filed this putative class action in California state court on behalf of all California Baycol users. *See* Compl. ¶ 3. The original complaint sought hundreds of millions of dollars in damages in

E-SERVED
11/02/04
04:45 PM ET
Baycol MDL 1431

disgorged profits and refunds. *Id.,* ¶¶ 10, 13. It also sought monetary compensation for "an increased risk of harm for which medical monitoring relief is appropriate," including the risk of "serious adverse reactions, including death." *Id.,* ¶¶ 7, 10. Plaintiff sought pre- and post-judgment interest, legal and expert fees, and such "other and further relief as may be just and proper." *Id.,* Prayer ¶¶ D-E.

Defendants removed on the basis of diversity jurisdiction, in part because the claims for disgorged profits, personal injuries and medical monitoring satisfied the amount-in-controversy requirement. *See generally* Def.'s Not. of Removal. On October 26, 2001, plaintiff filed a motion to remand, which was stayed pending transfer to MDL-1431. Plaintiff did not renew his motion to remand in this Court, however, until – more than two years after transfer – this Court denied certification of an economic loss class.

In March 2004, after protracted negotiations between the parties, the Court approved PTO 114 "to promote the fair and efficient administration" of the Baycol MDL litigation. Two months later, and after his motion to remand was fully briefed, plaintiff filed a motion for relief from PTO 114, on the ground that his state law claims did not require expert testimony. On August 9, 2004, the Court concluded otherwise, and ordered plaintiff to produce expert testimony in compliance with PTO 114. *Shaw v. Bayer Corp.* (In re Baycol Product Liability Litigation), MDL No. 1431, Case No. 02-0433 (D. Minn. August 9, 2004). The Court held that California "requires case specific experts to prove the type of injury at issue in the Baycol cases." *Id.* at p. 3.

E-SERVED 11/02/04 04:45 PM ET Baycol MDL 1431

Dissatisfied with the Court's ruling, plaintiff has, more than two months later, proposed another reason to avoid his PTO 114 obligations. He now seeks to amend his complaint to eliminate the one cause of action (unjust enrichment) that he believes requires him to provide an expert report. He also seeks leave to file a motion for reconsideration of this Court's order regarding compliance with PTO 114, asserting that he should, after amendment, be exempted from the expert report requirement. Finally, because he believes that he would have a better chance to defeat diversity under his amended complaint, plaintiff asks this Court to consider the amended complaint as the operative complaint at the time of removal.

## LEGAL STANDARD

A motion to amend is improper, and should be denied, if it is a naked attempt to (1) destroy the Court's diversity jurisdiction, *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987); *Fink v. Bayer Corp.*, (*In re Baycol Product Liability Litigation*), MDL No. 1431, Case No. 02-436 (D. Minn., Aug. 29, 2003) (following *Hensgens* and denying motion to amend complaint and remand), or (2) "avoid an adverse ruling …." *Kennedy v. Josephthal & Co., Inc.*, 814 F.2d 798, 806 (1st Cir. 1987); *Local 472 v. Georgia Power Co.*, 684 F.2d 721, 724-25 (11th Cir. 1982) (same); *Cobb v. Supreme Judicial Court of Massachusetts*, 334 F. Supp. 2d 60, 61-62 (D. Mass. 2004) (refusing to permit amendment of complaint that was "an obvious effort" to avoid ruling).

E-SERVED 11/02/04 04:45 PM ET Baycol MDL 1431

## ARGUMENT

Plaintiff recognizes that the original complaint satisfies the amount-in-controversy requirement for diversity jurisdiction. He has gone to great lengths to narrow the relief sought in the amended complaint, including by removing medical monitoring and personal injury claims. *See* Pl.'s Mot. to Amend at 6. The law, however, is clear: this Court has jurisdiction based on the operative complaint ***at the time of removal.*** Amendment cannot deprive the Court of jurisdiction. *St. Paul Mercury Indemn. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938); *Core v. Southwestern Bell Tel. Co.*, 847 F.2d 497, 498 (8th Cir. 1988).

Amendment also is improper where, as here, it serves no purpose except to attack the Court's diversity jurisdiction, *Hensgens*, 833 F.2d at 1182, and to end run the Court's orders. *Kennedy*, 814 F.2d at 806; *Local 472*, 684 F.2d at 724-25. This Court therefore should deny plaintiff's motion to amend or, in the alternative, permit amendment but continue to require him to comply with PTO 114.

### I. THE COURT HAS JURISDICTION BASED ON THE ORIGINAL COMPLAINT.

As plaintiff correctly stated in his motion for remand, and this Court has repeatedly recognized, subject matter jurisdiction in removed diversity actions is determined by the complaint "as it existed at the time of removal." Pl.'s Mot. for Remand at p. 3 (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)) (filed 10/26/01); *Taylor v. Bayer AG* (*In re Baycol Product*

E-SERVED 11/02/04 04:45 PM ET Baycol MDL 1431

*Liability Litigation*), MDL No. 1431, Case No. 03-4981 (D. Minn., July 19, 2004); *see also St. Paul*, 303 U.S. at 296 ("a reduction of the amount claimed, after removal, did not take away" federal jurisdiction); *Core*, 847 F.2d at 498; *cf. Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir. 1969) ("A subsequent change, such as the plaintiff's post-removal voluntary reduction of his claim to less than the jurisdictional amount, does not defeat federal jurisdiction acquired through removal."); *Crosby v. Paul Hardeman, Inc.*, 414 F.2d 1, 3 (8th Cir. 1969). A defendant's "statutory right of removal" is not "subject to the plaintiff's caprice." *St. Paul Mercury*, 303 U.S. at 294.

In this case, the proposed amendment highlights why the original complaint satisfies the amount-in-controversy requirement for diversity jurisdiction. The original complaint does not limit the amount of monetary recovery sought, demands among other things relief for medical monitoring, and encompasses a class of individuals who suffered personal injuries, including death. *Compare* Orig. Compl. ¶¶ 3, 7 *with* Amend. Compl. ¶¶ 3, 7. Personal injuries and medical monitoring claims, by themselves, satisfy the amount-in-controversy requirement for diversity jurisdiction. *See* Def.'s Opp'n to Motion for Remand; *Abrams v. Bayer Corp., et al.*, Case No. 02-0135, (Order Dated Feb. 25, 2003). Consequently, no matter how the Court rules on the motion to amend, it will retain subject matter jurisdiction over this action.

E-SERVED
11/02/04
04:45 PM ET
Baycol MDL 1431

## II. PLAINTIFF CANNOT CIRCUMVENT PTO 114 THROUGH AMENDMENT.

Plaintiff's motion to amend will not achieve its other purpose – to end run PTO 114.

Plaintiff claims that his medical history and experience on Baycol are irrelevant to his California Unfair Business Practices Act claim. The trial court responsible for the coordinated Baycol proceedings in California considered, and rejected, this exact argument.[1] A patient whose cholesterol was reduced by Baycol is not typical of other patients who purportedly received no benefit from Baycol or allegedly experienced ill effects while on Baycol. Plaintiff cannot demonstrate "that Baycol did not provide [him] any health benefits," *In re Baycol Product Liability Litigation*, 218 F.R.D. 197, 213-214 (D. Minn. 2003), and thus that his claims are typical of the class alleged in the amended complaint, without a case-specific expert report. *See Shaw* Order (August 9, 2004).

In addition, no amended complaint or California statutory claim can relieve plaintiff of his burden to prove Article III standing, i.e., an "injury in fact" that is "fairly traceable" to defendant's alleged misconduct. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992); *Valley Forge Christian Coll. v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 472 (1982); *Wolfe v. Gilmour Mfg. Co.*, 143 F.3d 1122, 1126 (8th Cir. 1998).

---

[1] Plaintiff in another § 17200 action objected to providing discovery on the plaintiff's medical history, other than the fact of Baycol usage. The Court granted defendants motion to compel. *See* Minute Order at ¶ 2; Order

E-SERVED 11/02/04 04:45 PM ET Baycol MDL 1431

Specifically, as a plaintiff asserting a California section 17200 claim in federal court, Mr. Shaw must prove injury and causation. *Hangarter*, 373 F.3d at 1022; *Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1001-02 (9th Cir. 2001); *see also, e.g.*, *Hamelin v. Allstate Ins. Co.*, 2002 WL 441581 at *2-3 (C.D. Cal. March 12, 2002) (finding plaintiff lacked Article III standing to recover disgorgement, restitution or injunctive relief under section 17200).

Plaintiff may argue that he has adequately alleged injury and causation for purposes of Article III standing. He cannot merely allege injury and causation; he must prove them. *Eddings v. City of Hot Springs*, 323 F.3d 596, 602 (8th Cir. 2003) (granting summary judgment because plaintiff failed "to present some evidence to establish a genuine question of fact on the standing issues of injury and causation"). Again, plaintiff cannot pursue a claim for disgorgement, unjust enrichment or restitution without producing, among other things, some case-specific expert evidence that Baycol did not work for him. *In re Baycol Prod. Liab. Litig.*, 218 F.R.D. at 213-14; *Shaw* Order (August 9, 2004) (citing *Ronwin, et al. v. Bayer Corp.*, [(*In re Baycol Prod. Liab. Litig.*)], MDL No. 1431, Case No. 02-0200 (D. Minn. June 10, 2004)).

As a result, whether or not the Court permits amendment, plaintiff must comply with PTO 114.

---

Granting Motion to Compel at ¶ 3 (appended hereto).

E-SERVED 11/02/04 04:45 PM ET Baycol MDL 1431

**III. PLAINTIFF SHOULD BE SUBJECT TO THE SAME DISCOVERY OBLIGATIONS APPLICABLE TO OTHER PLAINTIFFS.**

Assuming the Court permits amendment, there is a further reason for refusing to exempt plaintiff from PTO 114 – respect for the Court's orders and prompt resolution of the Baycol MDL proceedings.

Plaintiff admits he seeks amendment to "remove from this action the one claim for relief referenced in the Court's August 9 order as requiring [sic] an expert opinion to proceed." Pl.'s Letter Request for Leave to File Motion to Reconsider at p. 1; *see also* Pl.'s Mot. to Amend at pp. 4-6. Because plaintiff's sole reason for amendment is to end run the Court's expert discovery orders, months after the Court issued them, leave to amend may properly be denied. *See, e.g., Kennedy*, 814 F.2d at 806 (a motion to amend may be denied when it "could be viewed as an attempt to avoid an adverse ruling"); *Local 472*, 684 F.2d at 724-25 (same); *Cobb*, 334 F. Supp. 2d, 61-62 (refusing to permit amendment of complaint that was "an obvious effort to respond to issues raised at the August 27, 2004 hearing and to avert the dismissal of the case that the court stated was likely to be forthcoming"); *cf. Hensgens*, 833 F.2d at 1182; *see also Fink* Order (August 29, 2003).

Amendment under these circumstances would invite other disgruntled plaintiffs to move for reconsideration of PTO 14 in the form of amendments. Plaintiff had an opportunity to brief this issue and lost. He has already delayed complying with the Court's order. It is time to move on.

E-SERVED 11/02/04 04:45 PM ET Baycol MDL 1431

Plaintiff attempts to justify the amendment on the ground that his unjust enrichment claim is no longer viable under California law. He is wrong. Unjust enrichment is a recognized cause of action under California law. *Ghirardo v. Antonioli*, 14 Cal. 4th 39, 50-54, 924 P.2d 996, 1002-05 (1996) (plaintiff "entitled to seek relief under traditional equitable principles of unjust enrichment"); *see also Cruz v. PacifiCare Health Sys., Inc.*, 30 Cal. 4th 303, 320, 66 P.3d 1157, 1168 (2004) (finding a "common law claim for unjust enrichment" arbitrable); *Hirsch v. Bank of Am.*, 107 Cal. App. 4th 708, 722 (2003) (finding "a valid cause of action for unjust enrichment"). It has two elements, both of which plaintiff has alleged: "1) receipt of a benefit, and 2) unjust retention of the benefit at the expense of another." *E.g., Accuimage Diag. Corp. v. Terarecon, Inc.*, 260 F. Supp. 2d 941, 958 (N.D. Cal. 2003); *Hirsch*, 107 Cal. App. 4th at 722-23; *Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723, 726 (2000); *First Nationwide Sav. v. Perry*, 11 Cal. App. 4th 1657, 1662 (1992); *see also* Compl. 26-30.

Plaintiff cites dicta in *Melchior v. New Line Prods., Inc.*, 106 Cal. App. 4th 779 (2003), to the effect that "unjust enrichment" is not a separate cause of action, but merely a failure to pay restitution. *Id.* at 793. Federal (and California) courts, however, look beyond the technical form of a complaint to determine whether a cause of action is viable. *See* Fed. R. Civ. P. 8(a), (f). Even assuming *Melchior* is correct (it is not), plaintiff can continue to pursue his "unjust enrichment" claim under common law theories for restitution.

E-SERVED
11/02/04
04:45 PM ET
Baycol MDL 1431

*McBride v. Boughton*, 2004 WL 2361825, at *3-5 (Cal. App. Oct. 21, 2004) (construing "cause of action for unjust enrichment as an attempt to plead a cause of action" for restitution); *Dinosaur Dev., Inc. v. White*, 216 Cal. App. 3d 1310, 1314-16 (1989) (treating "unjust enrichment" as restitution because there is "no particular form of pleading necessary to invoke the doctrine of restitution") (internal citation omitted); *see also, e.g.*, *Nibbi Bros., Inc. v. Home Fed. Sav. & Loan Ass'n*, 205 Cal. App. 3d 1415, 1421-22 (1988) (the law of restitution gives rise to "a cause of action . . . for unjust enrichment under a broad range of circumstances").

In short, plaintiff has engaged in a complex ruse to avoid a basic discovery obligation. Plaintiff took his opportunity to object to PTO 114 and lost. There is no reason to single out plaintiff for special treatment based on a tardy proposed amendment years after this action was filed and months after he was ordered to comply with PTO 114.

## CONCLUSION

For the foregoing reasons, the Court should either deny plaintiff's motion to amend or, in the alternative, grant amendment, but continue to exercise subject matter jurisdiction and require plaintiff to comply with PTO 114.

E-SERVED
11/02/04
04:45 PM ET
Baycol MDL 1431

Respectfully submitted,

/signature on file/

Susan A. Weber
SIDLEY AUSTIN BROWN & WOOD, LLP
Bank One Plaza
Chicago, IL 60603
Phone: 312-853-7000

Philip S. Beck
Adam L. Hoeflich
BARTLIT BECK HERMAN PALENCHAR & SCOTT
54 W. Hubbard Street, Suite 3000
Chicago, IL 60610
Phone: 312-494-4400

Gene C. Schaerr
SIDLEY AUSTIN BROWN & WOOD, LLP
1501 K Street N.W.
Washington, D.C. 20005
Phone: 202-736-8000

Richard K. Dandrea
ECKERT SEAMANS CHERIN & MELLOTT LLC
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
Phone: 412-566-6000

Peter W. Sipkins (#101540)
Elizabeth S. Wright (#184111)
DORSEY & WHITNEY LLP
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402
Phone: 612-340-2600

*Counsel for Bayer Corporation*

E-SERVED
11/02/04
04:45 PM ET
Baycol MDL 1431

CERTIFICATE OF SERVICE

I, David L. Barlett, certify that a true and correct copy of the foregoing document was electronically served to counsel of record via Verilaw on November 2, 2004.

[signature]

*Shaw*, No. 02-0433