E-SERVED
11/02/04
04:46 PM ET
Baycol MDL 1431

SIDLEY AUSTIN BROWN & WOOD LLP

BEIJING
BRUSSELS
CHICAGO
DALLAS
GENEVA
HONG KONG
LONDON

BANK ONE PLAZA
10 S. DEARBORN STREET
CHICAGO, ILLINOIS 60603
TELEPHONE 312 853 7000
FACSIMILE 312 853 7036
www.sidley.com

FOUNDED 1866

LOS ANGELES
NEW YORK
SAN FRANCISCO
SHANGHAI
SINGAPORE
TOKYO
WASHINGTON, D.C.

WRITER'S DIRECT NUMBER
(312) 853-7820

WRITER'S E-MAIL ADDRESS
saweber@sidley.com

November 2, 2004

The Honorable Michael J. Davis
U.S. District Judge, District of Minnesota
United States District Court
14E U.S. Courthouse
Minneapolis, MN 55415

**Re: *In re: Baycol Products Liability Litigation*, MDL No. 1431 (MJD)**
**This letter relates to *Shaw v. Bayer Corp.*, Case No. 02-CV-433**

Dear Judge Davis:

Bayer submits this letter in response to plaintiff Douglas Shaw's October 6, 2004 Local Rule 7.1(g) request. Plaintiff challenges this Court's August 9, 2004 order, which requires him to comply with PTO 114. He now asks the Court to stay application of its order pending a decision on his motion for remand. In the alternative, he moves to amend his complaint to dismiss the claim for unjust enrichment, which he asserts will then moot the necessity for a report under PTO 114. All this amounts to nothing more than an attempt to end run PTO 114 (and now PTO 131).

This Court should deny plaintiff's request for leave to move for reconsideration for several reasons. First, the request is untimely. A motion under Local Rule 7.1(g) is treated as a Rule 59(e) motion, which has a ten-day filing deadline. *See Crowell v. Campbell Soup Co.*, 264 F.3d 756, 764-65 (8th Cir. 2001); *see also* MDL 1431 PTO 84 (May 22, 2003) (citing Fed. R. Civ. P. 59(e)). Two months after the order, plaintiff asserts issues that were before the Court at the time of the Court's order. The Court and the parties should not be forced to revisit the issue at this late date.

Second, plaintiff has not identified a valid basis for reconsideration. The role of a motion to reconsider is extremely limited: "to correct manifest errors of law or to present newly discovered evidence." MDL No. 1431 PTO 84 (quoting *Hagerman v. Yukon Entergy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)). Plaintiff has not identified any error of law or new evidence, but merely cites his motion for remand (which was pending at the time of the Court's order and raised in his initial motion for relief) and his belated attempt to evade PTO 114. The Court thus should deny his request for this reason as well.

E-SERVED
11/02/04
04:46 PM ET
Baycol MDL 1431





Further, plaintiff's motions to amend and remand do not deprive this Court of jurisdiction or excuse plaintiff from complying with PTO 114, for the reasons set forth in Bayer's Opposition to Plaintiff's Motion to Amend Complaint. Consequently, there is no reason to grant plaintiff's untimely and improper Rule 7.1(g) request.

Respectfully submitted,

Susan A. Weber

Susan A. Weber

E-SERVED
11/02/04
04:46 PM ET
Baycol MDL 1431

CERTIFICATE OF SERVICE

I, David L. Barlett, certify that a true and correct copy of the foregoing document was electronically served to counsel of record via Verilaw on November 2, 2004.

*Shaw*, No. 02-0433