E-SERVED
11/17/04
09:17 PM ET
Baycol MDL 1431

GW
CLASSCOUNSEL.COM

G R E E N ▪ W E L L I N G L L P

November 17, 2004

The Honorable Michael J. Davis
U.S. District Judge, District of Minnesota
United States District Court
14E U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

**Re: In re Baycol Products Liability, MDL No. 1431 (MJD).**
**(This letter relates to Shaw v. Bayer Corp., Case No. 02-CV-433.)**

Dear Judge Davis:

In its November 2, 2004, letter to Your Honor in response to plaintiff Douglas Shaw's Local Rule 7.1(g) request for reconsideration of the Court's order of August 9, 2004, denying Plaintiff's Motion for Relief from Parts I(A) and I(B) of PTO 114, Defendant contends that Plaintiff's request that the Court resolve his pending motion to remand or grant his motion to amend his complaint to remove one claim "amounts to nothing more than an attempt to end run PTO 114 (and now PTO 131)."

Insofar as Plaintiff has raised serious doubts about this Court's subject matter jurisdiction over his case, and filed a motion to remand on February 13, 2004, months before the Court's issuance of PTO 114, it is quite incredible that Defendant characterizes the issue in that manner, even as it continues to insist that Plaintiff lacks standing. Indeed, the lack of standing is a jurisdictional defect that requires that the Court remand this case to state court; it is not a basis for requiring compliance with PTO 114.

Contrary to Defendant's contention that Plaintiff has failed to assert a valid basis for reconsideration, Plaintiff has identified a "manifest error of law": this Court's subject matter jurisdiction is in error. A challenge to subject matter jurisdiction is so fundamental that it can be raised at any time in the litigation. As such, Defendant's contention regarding the supposedly untimely nature of Plaintiff's request is also baseless.

As to the validity of Defendant's imputation of bad faith and avoidance of this Court's rulings, Plaintiff urges the Court to consider that his motion to amend his complaint to eliminate the unjust enrichment claim is a proper matter for a Plaintiff who is the master of his complaint.

235 PINE ST ▪ FIFTEENTH FLOOR ▪ SAN FRANCISCO ▪ CALIFORNIA 94104
TEL (415) 477-6700 ▪ FAX (415) 477-6710 ▪ EMAIL GW@CLASSCOUNSEL.COM ▪ WWW CLASSCOUNSEL.COM

E-SERVED
11/17/04
09:17 PM ET
Baycol MDL 1431



Moreover, Defendant made the choice of removing this California UCL action, while leaving another California UCL action in state court and now seeks to obtain a ruling in this Court based on a misrepresentation of what the Court in California actually ordered. Plaintiff seeks nothing more than to be returned to California where such parallel procedures would be eliminated. In sum, Plaintiff has a legitimate basis for seeking to eliminate his unjust enrichment claim in this action and a proper basis for seeking reconsideration of the order requiring compliance with PTO 114.

Yours very truly,

GREEN ▪ WELLING LLP
A Limited Liability Partnership

Robert S. Green

RSG/rcw
cc: Counsel of Record (via *Verilaw*)

Writer's Direct E-Mail
RSG@classcounsel.com

E-SERVED
11/17/04
09:17 PM ET
Baycol MDL 1431

CERTIFICATE OF SERVICE

I, Rose C. Warren, certify that a true and correct copy of the foregoing document was electronically served to counsel of record via Verilaw on November 17, 2004.

Rose Warren

Shaw, No. 02-0433