**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**In re: BAYCOL PRODUCTS LITIGATION** | **MDL No. 1431 (MJD/JGL)**

**This Document Relates To:**

Shaw v. Bayer Corp., et al. | Case No. 02-433

---

Robert A. Jigarjian and Robert S. Green, Green & Jigarjian LLP for and on behalf of Plaintiffs.

Peter W. Sipkins, Dorsey & Whitney, Philip S. Beck and Adam L. Hoeflich, Bartlit Beck Herman Palenchar & Scott, Susan A. Weber, Eugene A. Schoon, James Mizgala and Sherry A. Knutson, Sidley Austin Brown & Wood, Gene C. Shaerr, Karen A. Popp, Paul J. Zidlicky and Rebecca Wood, Sidley Austin Brown & Wood, Richard K. Dandrea, Eckert Seamens Cherin & Mellott, LLC and Douglas R. Marvin for and on behalf of Bayer Corporation.

Tracy J. Van Steenburgh, Halleland Lewis Nilan Sipkins & Johnson, P.A. and Fred T. Magaziner, Thomas F. Munno, Debra D. O'Gorman and Lavinia H. Denniston, Dechert LLP for and on behalf of SmithKline Beecham Corp. d/b/a GlaxoSmithKline.

---

This matter is before the Court upon Plaintiff's motion for remand to the Superior Court of the State of California, County of San Francisco. Also before the Court is Plaintiff's motion to Amend the Complaint, and for reconsideration of this Court's Order dated August 9, 2004 Order.

<u>Background</u>

Plaintiff filed this putative class action in San Francisco County, California

asserting claims under the California Unfair Business Practices Act, Bus. & Prof. Code § 17200 et seq ("CUBPA"), as well as a claim for unjust enrichment. The putative class includes all California residents who "purchased or ingested the drug Baycol." Complaint ¶ 3.

In the Complaint, Plaintiff alleges that he began to take Baycol in April 2001, and stopped using it in August 2001, when he was informed that Baycol would no longer be available. Id. ¶ 1. In the Summary section of the Complaint, Plaintiff alleges that "[a]n extraordinary incidence of serious adverse reactions, including, death, have been associated with the use of Baycol." Id. ¶ 10. Plaintiff further alleges that "Bayer has a history of using false and misleading sales material concerning Baycol." Complaint, ¶ 14. Specifically, Plaintiff alleges Bayer's promotional material included false implications that Baycol enjoyed a clinical advantage over other statins, and overstated the HDL-C efficacy of Baycol. Id. ¶ 15(a) and (c). Defendants had knowledge of Baycol's dangerous side effects, but continued to conceal and misrepresent such information to the consuming public. Id. ¶ 17.

Plaintiff also describes the condition rhabdomyolysis, symptoms of which include muscle pain, weakness, tenderness, malaise, fever, dark urine, nausea and vomiting, and in rare cases can be fatal. Id. ¶¶ 18 and 19. Plaintiff further alleges that cases of "rhabdomyolysis in association with the use of Baycol have been

reported significantly more frequently than has been the case with other statins." Id. ¶ 19.

In this action, Plaintiff seeks equitable relief to assure full and complete warnings as to Baycol risks and "monetary damages, including but not limited to, a full refund of all amounts expended for the purchase and/or use of Baycol." Id. Plaintiff further seeks, on behalf of himself and the class, a constructive trust over the millions of dollars in revenues Defendants obtained from Baycol's sales, for disgorgement and restitution to Plaintiff and the Class. Id. ¶¶ 27, 30. Plaintiff also seeks injunctive relief enjoining Defendants from engaging in unlawful, unfair, fraudulent or deceptive business practices under Section 17200 and 17203 of CUBPA. Id. Prayer for Relief (C). The class also seeks pre-judgment and post-judgment interest, attorneys' fees and costs, and any other relief as the Court deems proper. Id. Prayer for Relief (D) and (E).

Bayer timely removed this action to federal court on October 5, 2001 on the basis of diversity jurisdiction. Plaintiff has moved for remand, asserting that Defendants have not established that the amount in controversy exceeds $75,000.

Although this case was originally filed in 2001, Plaintiff's motion to remand was not fully briefed before this Court until March 22, 2004. While the motion to remand has been pending, this MDL proceeding has progressed and numerous pretrial orders have been entered. One such order, PTO No. 114, requires

plaintiffs to submit case specific expert reports, or in the alternative, case specific information relating to Plaintiff's injuries as a result of ingesting Baycol, such as medical, samples or prescription records. Plaintiff moved for relief from PTO No. 114, arguing that based on the nature of the claims asserted in the Complaint, a case specific expert report was not necessary to prove such claims. The Court denied the motion on the basis that Plaintiff would have to prove injury in order to prevail on the unjust enrichment claim. See Order dated August 9, 2004 [Doc. No. 38].

Plaintiff has since filed a motion to Amend the Complaint. By the amendment, Plaintiff seeks to withdraw the claim for unjust enrichment on the basis that it adds nothing to the claims asserted under CUBPA, and because a California Court of Appeals held that California does not recognize a separate cause of action for unjust enrichment. Plaintiff also asks this Court to reconsider its denial of his motion for relief from PTO No. 114, based on the motion to amend to remove the unjust enrichment claim and based on his position that this Court does not have subject matter jurisdiction over this action.

Standard for Remand

Remand to state court is proper if the district court lacks subject matter jurisdiction over the asserted claims. 28 U.S.C. § 1447(c). In reviewing a motion to remand, the court must resolve all doubts in favor of a remand to state court,

and the party opposing remand has the burden of establishing federal jurisdiction by a preponderance of the evidence. In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1983)(citing Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3rd Cir. 1987) cert. dismissed 484 U.S. 1021 (1988)). In determining the propriety of remand, the Court must review the plaintiffs' pleading as it existed at the time of removal. See Pullman Co. v. Jenkins, 305 U.S. 534, 537 (1939); Crosby v. Paul Hardeman, Inc., 414 F.2d 1 (8th Cir. 1969).

Plaintiff argues that given the claims asserted, the amount in controversy for Plaintiff and each member of the class is less than the jurisdictional requisite of $75,000. 28 U.S.C. § 1332. The Court begins its analysis with the principle that the amount claimed by a plaintiff ordinarily controls in determining whether jurisdiction lies in federal court. Zunamon v. Brown, 418 F.2d 883, 885 (8th Cir. 1969)(citing St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288-289 (1938)). Nonetheless, "the plaintiffs allegations of requisite jurisdictional amount are not necessarily dispositive of the issue" Id. The Court is also guided by the principle that in class actions, the class members' damages claims cannot be aggregated to satisfy the jurisdictional minimum, unless they seek to enforce "a single title or right in which they have a common and undivided interest." Crawford v. F. Hoffman-LaRoche Ltd., 267 F.3d 760, 765 (8th Cir. 2001)(quoting

Snyder v. Harris, 394 U.S. 332, 335 (1969)). Claims for punitive damages, restitution and statutory attorneys' fees are similarly not aggregated. Id. at 766.

Plaintiff argues that remand is appropriate as Bayer cannot meet its burden of establishing that the amount in controversy meets or exceeds the requisite jurisdictional amount. Specifically, Plaintiff asserts he and the putative class are seeking only restitution and/or disgorgement and other equitable relief, including a constructive trust on the proceeds from the sale of Baycol. Plaintiff argues that it is inconceivable that any class member purchased more than $75,000 worth of Baycol. Plaintiff next asserts that the request for a constructive trust does not meet the jurisdictional minimum, as the value of such a trust cannot be aggregated. Finally, Plaintiff argues that the cost of the injunctive relief requested as to each class member will not exceed the jurisdictional minimum.

Bayer responds that in reading the Complaint as a whole, the value of Plaintiff's and the class members' claims exceed the jurisdiction minimum. First, Bayer points out that in paragraph 7 of the Complaint, Plaintiff asserts that medical monitoring may be an appropriate type of relief. This allegation, coupled with the request for "such other and further relief as may be just and proper" contained in the Prayer for Relief, ensures that medical monitoring remains an available remedy for the class should the class successfully prove their claims. As this Court has determined that medical monitoring claims meet the jurisdictional

minimum amount in a previous Order, federal jurisdiction is proper in this case as well. See, Abrams et al. v. Bayer Corp. et al., (In re: Baycol Products Litigation MDL No. 1431) 2003 WL 22038708 (D. Minn. Feb. 25, 2003).

The Court finds that Bayer has not met its burden of establishing that the amount in controversy for each class member exceeds the jurisdictional minimum. First, the Court finds that Plaintiff has not asserted a cause of action for medical monitoring, nor did he assert a cause of action in which medical monitoring is available. Instead, Plaintiff has asserted only two causes of action; one under the CUBPA, § 17200 et seq. and one for unjust enrichment. The remedies available under these causes of action are limited. With regard to the claim under Section 17200, the California Supreme Court has held that damages are not available under this statute. Rather "the only nonpunitive monetary relief available under the Unfair Business Practices Act is the disgorgement of money that has been wrongfully obtained or, in the language of the state, an order 'restoring . . . money . . . which may have been acquired by means of . . . unfair competition." Bank of the West v. The Superior Court of Contra Costa County et al., 2 Cal. 4th 1254, 1266 (1992).

Given the nature of the unjust enrichment claim, which requires the Plaintiff to show receipt of a benefit and the unjust retention of such benefit at the expense of plaintiff, the remedy available would be similar to that available under

CUBPA. See eg., Ghirardo et al. v. Antonioli et al., 14 Cal. 4th 39, 51 (1996)(an individual may be required to make restitution if he is unjustly enriched). Thus, despite Bayer's assertions that Plaintiff has framed his Complaint broadly, the specific claims asserted do not provide for damages for personal injury or for medical monitoring relief. Given the non-aggregation rules applicable to class actions, the Court finds that Bayer has failed to meet its burden of establishing that the amount in controversy for each putative class member exceeds the jurisdictional minimum.

Accordingly, remand is appropriate. As this Court does not have subject matter jurisdiction over this action, the Order previously entered dated August 9, 2004 must be vacated.

IT IS HEREBY ORDERED that the Order dated August 9, 2004 is VACATED and Plaintiff's motion for remand in the above-referenced actions is GRANTED. This action is hereby remanded to the Superior Court of the State of California, County of San Francisco.

Date: November 29, 2004

s/ Michael J. Davis
Michael J. Davis
United States District Court